(92 App. Div. 138.)

GALLAGHER v. GALLAGHER.

(Supreme Court, Appellate Division, Third Department. March 2, 1904.)

1. WITNESSES—CROSS-EXAMINATION—REFUSAL TO ANSWER.

    Where a witness refused to answer a pertinent question on cross-examination, his testimony in chief should be stricken out.

Appeal from Trial Term, Ulster County.

Action by Catherine Gallagher against James H. Gallagher. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Brinnier & Searing, for appellant.

John E. Hardenbergh (Charles Irwin, of counsel), for respondent.

HOUGHTON, J. The plaintiff brought action for a separation, and the defendant, by counterclaim, alleged adultery on the part of the plaintiff, and asked an absolute divorce. The plaintiff's complaint was dismissed by the court, and the affirmative relief granted.

On the trial the defendant called as a witness the co-respondent, and proved by him facts from which the only legitimate inference was that the plaintiff had committed adultery with him, as alleged. On cross-examination the plaintiff asked of the witness the direct question whether he did have intercourse with the plaintiff at the time testified to by him. The witness declined to answer. The plaintiff pressed the question, and requested the court to direct the witness to answer, which the court did; the witness still refusing. The request that the witness be compelled to answer was repeated, and an exception taken to the refusal of the court to do so, to which the court replied that he had not refused, and directed that the examination proceed. The witness still declining to answer, the plaintiff moved that his direct testimony upon the point involved be stricken from the record, which motion was denied, and an exception taken. We think this was error for which the decree must be reversed. The court should either have compelled the witness to answer, or should have stricken from the record his evidence upon that subject. A party has the right to cross-examine a witness produced against him by his adversary, and to have an answer to pertinent questions relating to testimony given on direct examination. The penalty for a denial of this right is the rejection of the testimony given in chief.

The situation of a witness voluntarily testifying to a state of facts, and then refusing to go into particulars, seldom arises; but the rule applicable to his testimony under such circumstances has long been decided.

In Kissam v. Forrest, 25 Wend. 651, a trial was had before referees, and at the close of the direct examination of a witness, and before the party had an opportunity to cross-examine, the court, of its own motion, took an adjournment. Pending the adjournment, the witness died. The direct testimony was rejected, and, on a motion for a new trial on that ground, the court held there was no error. On appeal, under the title of Forrest v. Kissam, 7 Hill, 463, the judgment was reversed, and it was held that the direct testimony must stand. Several opinions were written, and the reversal seems finally to have been put upon the ground that, the death of the witness being an act of God, neither party should suffer. The chancellor, in his opinion, however, uses the following language:

"But I admit the rule should be otherwise where the right to cross-examine the witness has been lost by the fault or neglect of the party calling him, or by the misconduct of the witness in departing from the court without permission, or willfully neglecting to attend at the time and place to which his examination stands adjourned."

In Smith v. Griffith, 3 Hill, 333, 38 Am. Dec. 639, a witness examined on commission had refused, on cross-examination, to answer material inquiries. In considering whether his direct examination should be read on the trial, the court says:

"If the witness had been upon the stand at the time, and had refused to answer, in defiance of the authority of the court, his whole testimony must have been stricken out of the cause."

The testimony of a witness had been taken by commission in Sturm v. Atlantic Mutual Insurance Co., 63 N. Y. 77, 87, and upon cross-examination he also had refused to answer important and material questions. In considering the question, the court said:

"It may be taken as the rule that where a party is deprived of the cross-examination of a witness by the act of the opposite party, or by the refusal to testify, or other misconduct of the witness, or by any means, other than the act of, God, the act of the party himself, or some cause to which he assented, that the testimony given on the examination in chief may not be read."

In People v. Cole, 43 N. Y. 508, a witness fainted at the close of her direct examination, and became so ill that a cross-examination was impossible. The court refused to strike out the evidence given in chief, or adjourn the trial until the witness was able to be cross-examined, and it was held error for which the conviction should be reversed.

The defendant insists that he should not suffer because the court refused to compel his witness to answer, for he was willing that he should, and that the court should compel him to. But a party calling a witness is, in a sense, responsible for his conduct. If he has been examined in chief, and fails to return on an adjourned day for cross-examination, even though the party has endeavored to obtain his attendance, still he must suffer by the loss of his testimony. So, too,

if he refuses to answer pertinent questions, it is the misfortune of the party that he is obliged to call a witness entertaining such views.

It is further insisted that the error did no harm, because there is sufficient evidence of the plaintiff's adultery, aside from the testimony of the co-respondent. While this may be so, we cannot say the error was harmless and that the court did not take into consideration the testimony which should have been rejected.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.