## HOLMAN et al. v. LOZIER.

No. 13960—Opinion Filed July 1, 1924.

**1. Appeal and Error—Insufficiency of Evidence—Time and Method of Objection.**

Where a defendant permits a cause to be submitted to the jury without interposing a demurrer to the evidence, or a motion for a directed verdict, or otherwise legally attacking the sufficiency of the evidence, an assignment in the motion for a new trial and in the petition in error, that the evidence is insufficient to support the verdict and judgment presents nothing for review on appeal.

**2. Witnesses—Evidence of Bad Reputation for Veracity—Effect.**

Evidence of the bad reputation of a witness for truth and veracity, although not contradicted by proof to the contrary, is not, alone, sufficient to destroy the effect of the positive testimony of the witness to a fact or state of facts.

**3. Judgment Sustained.**

Record examined; and held, that the evidence reasonably tends to support the verdict and judgment, and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by F. S. Lozier against Henry Holman and J. S. Holman on promissory notes. Judgment for plaintiff, and defendants appeal. Affirmed.

L. O. Lytle and R. K. Robertson, for plaintiffs in error.

Leroy J. Burt, for defendant in error.

Opinion by SHACKELFORD, C. The defendant in error was plaintiff below, and the plaintiffs in error were defendants below, and they will be referred to herein as they appeared in the trial court.

This is an action by plaintiff against defendants to recover on two promissory notes. The cause was originally instituted in the justice court, and judgment went for the defendants. Plaintiff appealed to the district court. The plaintiff alleges the execution of two promissory notes by defendants to plaintiff, both being dated the 19th day of March, 1917, one for $57.53, due October 1, 1917, bearing interest at the rate of 10 per cent. per annum and providing for an attorney's fee of $15 in case of suit for collection; and one for $87.62, due October 1, 1917, bearing interest at the rate of 10 per cent. per annum and providing for an attorney's fee of $15 in case of suit for collection. Copies of the notes are attached, and it is alleged that no part thereof has been paid. Plaintiff prays judgment in the sum of $145.-15, with interest and accruing interest, and attorney's fee in the sum of $30. For some reason the answer of the defendants is not incorporated in the case-made, but it seems to have contained an admission of the execution of the notes, and an allegation that the same had been paid. The cause was tried to a jury, resulting in a verdict for plaintiff for the amount prayed for in his petition, upon which verdict judgment was entered. From this judgment the defendants have appealed to this court.

The only proposition argued in the brief of plaintiffs in error is that the verdict is contrary to the evidence. The defendant in error raises the question that the sufficiency of the evidence was not challenged in the trial court by a demurrer thereto or by a request for an instructed verdict, and the assignment of error cannot, therefore, be considered by this court. An examination of the record discloses that this contention is correct. It is a well settled rule of this court that where the plaintiff submits his case to the jury and the defendant neither demurs to the evidence or requests an instructed verdict, the question of the sufficiency of the evidence to support the verdict is not presented for review by the motion for a new trial. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253; Constantin Refining Co. v. Thwing Instrument Co. 72 Okla. 16, 178 Pac. 111.

However, we have examined the evidence, and find that it reasonably tends to support the verdict. Roy Lozier, a son of the plaintiff, and who seems to have had charge of his father's business in his absence, testified for plaintiff, in positive terms, that the notes had not been paid. One of the defendants testified that he paid the notes just before going to war, and obtained a receipt therefor from the plaintiff. The receipt does not appear to have been offered in evidence, or at least does not appear in this record, and defendant Henry Holman testified that it was lost. The testimony of at least one other witness tends to corroborate that of the defendant Henry Holman, who testified as to the payment of the notes. Defendants also introduced several witnesses who testified that the reputation of Roy Lozier for truth and veracity was bad. We think the positive testimony on behalf of the plaintiff, that the notes had not been paid, and the testimony on the part of the defendants to the contrary, created a conflict of evidence sufficient to require the submission of the cause to the jury. Their verdict was for plaintiff, and the same is binding upon this court under the rule that if there is any evidence reasonably tending to support the verdict and judgment, they will not be disturbed on appeal because of insufficiency of the evidence. But, the defendants contend that when they introduced evidence as to the bad reputation of the witness Roy Lozier for truth and veracity, and plaintiff did not meet this evidence with testimony to the contrary, such evidence, being uncontradicted, had the effect of destroying the testimony of the witness with reference to the fact that the notes were not paid, and left only the undisputed testimony of defendants that the notes had been paid. We cannot agree with this contention. The credibility of witnesses is a matter lying peculiarly within the province of the jury. Quapaw Mining Co. v. Cogburn, 78 Okla. 227, 190 Pac. 416. The jury had a chance to observe the demeanor of the witnesses on the stand, and to judge for themselves whether a particular witness was worthy of belief, and we cannot say that the mere fact that evidence of the bad reputation of a witness for truth and veracity, when not refuted by evidence contrary thereto, would have the effect of destroying the positive testimony of the witness to a fact or state of facts. Such a holding would be an invasion on the part of this court of the province of the jury, upon whom rests the duty of passing upon the credibility of witnesses.

No question is raised as to the instructions, the defendants admitting that the

court properly instructed the jury. After an examination of the record we are of the opinion that there was sufficient evidence to require the submission of the case to the jury, and their verdict in favor of plaintiff is binding upon this court and will not be disturbed. The defendants were not denied any substantial right upon the trial of the cause, and the judgment should be affirmed.

By the Court: It is so ordered.