WAYNE TANK & PUMP CO. v. HARPER.

No. 16829—Opinion Filed July 6, 1926.

1. Sales — Implied Warranty of Gasoline Pump.

In the absence of contract which negatives the same, there is an implied warranty in the sale of gasoline pump that it is suitable to perform the ordinary work for which it was made.

2. Same—Evidence—Breach of Warranty—Conditional Sales Contract—Defense in Replevin.

The plea of breach of warranty is the substantial equivalent of plea of total or partial failure of consideration, and may be shown as a defense pro tanto in a replevin action between the original parties based on a conditional sales contract for the sale of machinery.

3. Appeal and Error—Review—Insufficiency of Evidence—Failure to Demur to Evidence or Request Instructed Verdict.

Where defendant does not demur to plaintiff's evidence, or request instructed verdict, the sufficiency of the evidence to support the verdict will not be considered on appeal.

4. Same—Instructions Not Reviewed Unless Excepted to and Signed by Trial Judge.

An instruction is not reviewable on appeal unless the action of the court in giving or refusing same and the exception thereto and the signature of the judge are noted thereon, as provided by the statute.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Murray County; W. G. Long, Judge.

Action by Wayne Tank & Pump Company against S. B. Harper. From a judgment for the latter, the former appeals. Affirmed.

W. N. Lewis, for plaintiff in error.

Yerger E. Taylor and J. S. Garrison, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff sued defendant in replevin for a gasoline pump, basing its action upon a conditional sales contract retaining title in plaintiff, alleging a balance due. The written contract contained a warranty against defective workmanship and material, providing that defective parts, when returned to plaintiff, would be replaced. Defendant answered by general denial and counterclaimed for damages, alleging that the pump was so defective in its parts as not to be fit for the purposes for which it was made and sold, resulting in a partial failure of consideration. From a judgment for defendant, plaintiff appeals.

1. It is first contended that the written warranty against defective workmanship and material excludes the implied warranty of fitness set up by defendant. In the absence of contract which negatives the same, there

is an implied warranty in the sale of machinery that it is suitable to perform the ordinary work for which it was made. Fairbanks, Morse & Co. v. Miller et al., 80 Okla. 265, 195 Pac. 1083; G. M. C. Truck Co. v. Kelley, 105 Okla. 84, 231 Pac. 882. The allegations of defendant and the instructions of the court were consonant with said rule, and the evidence reasonably tends to support the verdict in this behalf.

2. It is contended that said defense was not permissible in a replevin action. In order for plaintiff to recover—in order to show a special interest or ownership in the pump—it was necessary to show a balance due on the contract. It is held in Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 765, that parol evidence to show an entire absence, or a partial or total failure of consideration, is within the rule which excepts such evidence to vary the terms of a written contract. As shown therein, a plea of breach of warranty is the substantial equivalent of a plea of failure of consideration. The principle is that, since the article received is not the kind agreed for, the expected consideration for the note never passed. Also, it is held that breach of a parol warranty may be shown as a defense pro tanto in an action between the original parties to a note executed for the purchase price. This case has been often followed by this court, including Fredrick et al. v. Ludwig. 112 Okla. 217, 240 Pac. 1049. See, also, 3 R. C. L. 947. We see no reason why the rule thus applicable to promissory notes should not apply to the conditional sales contract herein. That is, such contract being a promise to pay and also retaining title in plaintiff until the whole purchase price is paid, is the predicate for the special interest claimed by plaintiff in the pump, the basis of its right to possession in this replevin action. an unpaid balance being alleged. The scope of replevin is such that such equities between the parties may be adjusted in that action. Now, if there was a breach of the implied warranty of fitness, there was. pro tanto, a failure of consideration. Wherefore, whether there was any balance due plaintiff entitling it to possession, depended upon determination and offsetting the damages for breach of warranty, if any. Wherefore, such plea is competent in a replevin action.

3. It is here assigned that the verdict is contrary to the evidence. Plaintiff did not demur to defendant's evidence in support of his counterclaim, or ask an instructed verdict, or otherwise attack the sufficiency of the evidence. Plaintiff cannot, therefore, in this court claim the evidence does not reasonably tend to support the verdict, even though assigned in the motion for new trial as grounds therefor. Holman et al. v. Lozier, 100 Okla. 128, 227 Pac. 886.

4. Plaintiff assigns error in the giving of a certain instruction. While the record shows that such instruction was noted as excepted to by plaintiff, the record does not show that the same was signed by the judge, and is not sufficient to bring such instruction here for review. Section 542, C. O. S. 1921. is:

"It shall be sufficient to write at the close of each instruction, 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the judge."

Thus. it seems to be plain and mandatory that the judge should so sign. Security Ben. Ass'n v. Lloyd et al., 97 Okla. 39, 222 Pac. 544; Whitehead et al. v. Cook, 100 Okla. 282, 229 Pac. 254.

Plaintiff next complains of the refusal of the court to give certain requested instructions. We find that the issues presented by such requested instructions. were substantially covered by other instructions given by the court.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 400; anno. 15 L. R. A. (N. S.) 859; 24 R. C. L. p. 202; 4 R. C. L. Supp. p. 1532. (2) 35 Cyc. p. 701 (Anno). (3) 3 C. J. p. 836 §745: p. 839 §746. (4) 4 C. J. p. 153 §1764: 38 Cyc. p. 1769.