## AMERICAN NATIONAL BANK v. HENSLEY et al.

No. 22815.   Dec. 18, 1934.

Dudley B. Madden and Walter Hubbell, for plaintiff in error.

Lon Morris and Toby Morris, for defendants in error.

PER CURIAM. The plaintiff in error, as plaintiff in the trial court, brought its action against T. W. Hensley, Fred Hensley, and Levi Hensley upon two promissory notes executed by the three Hensleys and for the foreclosure of a chattel mortgage executed at a subsequent time by the defendant Fred Hensley only, alleged to secure the payment of the two notes sued on. The notes and mortgage were attached to the petition. On demurrer to the separate parts of the petition, the trial court interpreted the mortgage, and held that it did not secure the notes sued on, and sustained a demurrer to that part of the petition setting up the mortgage. The plaintiff appeals and asks this court to construe and interpret the mortgage and determine whether or not it was intended to secure the debt sued on.

The facts alleged are: That on January 31, 1930, T. W. Hensley, Fred Hensley, and Levi Hensley executed a note to the plaintiff for the sum of $781, and on the 1st day of February, 1930, executed another note to the plaintiff for the sum of $216.75, both of which matured October 31, 1930, and were not due for 25 days after the mortgage was executed though in default at the time of filing the suit.

On October 6, 1930, the defendant Fred Hensley alone executed and delivered to the plaintiff a certain chattel mortgage. It is a rather long and intricate form. Counsel for plaintiff in error admit in their brief that it is a stock form completed by filling certain blank spaces and special notation thereon. On the top margin is a special notation as follows:

"This mortgage is a renewal of No. 5971 dated 1-16-30 securing payment of note No. 117, $236.50."

It recites that the consideration for its execution is $296.50 in hand paid by the mortgagee to the mortgagor. The body of the mortgage contains blank spaces for specific description of the debt secured. In one of these spaces there is filled in a description of a $296.50 note due December 31, 1930. The other spaces are left blank. The note described in this space and at the top margin, as above stated, is neither of the notes sued on. After these specific descriptions follows this provision, to wit:

"And as well to secure the payment of all other indebtedness now due and owing said bank (mortgagee), and all indebtedness hereafter to become due and owing said bank up to $500."

Whether the $500 was printed or written in the mortgage does not appear.

The defeasance clause in the mortgage provides that in case default be made in the "payment of the indebtedness above described," the mortgagee shall have a right to possession and foreclosure, etc. No default is alleged as to the indebtedness specifically described, nor is there any allegation of any indebtedness of the mortgagor accruing after the execution of the mortgage. Our problem is to ascertain whether this mortgage, being considered as an entirety in the light of the circumstances disclosed by the petition, was intended to secure the previously existing notes of the three Hensleys. Does it show that the minds of the parties met in a mutual understanding that these notes were to be secured thereby?

The question is beset with some doubts and difficulties. Different courts under similar facts, scarcely distinguishable, have arrived at different conclusions. The briefs

cite various rules of construction and interpretation, most of which are axiomatic, but all go back to the basic principle that the intention of the parties, to be ascertained from the instrument in the light of the circumstances under which it was executed, must control. The only rule that is of much assistance is that we must place ourselves as nearly as possible in the position of the parties at the time of the execution of the contract, and then take it by the four corners and read it. The plaintiff, on page 11 of its brief, states its position in the following language:

"It seems that the honorable district court, mistaking the import of the case of First National Bank of Ardmore v. Gillam [134 Okla. 237], 273 P. 261, was of the opinion that that clause in plaintiff's mortgage referring to future indebtedness, was unenforceable."

The error of this position is that there was no allegation of the creation of or default in payment of any future advances, and the question of the validity of mortgages to secure the repayment of future advances is not involved in this case.

We have read and considered the mortgage as a whole in the light of the circumstances under which it was executed as disclosed by the petition. We observe at the outset a special notation written on it that its purpose was to extend another mortgage securing a note of the mortgagor therein described, which was not one of the notes sued on. The consideration expressed is a sum that could not have included the notes sued on, but only a part thereof. The notes sued on were then in the possession of the bank, and were for a definite and liquidated sum with definite dates and maturities. Blank spaces for description or specification were in the mortgage, but not filled. We are of the opinion that the minds of the parties never met on the proposition that the mortgagor was securing the payment of the joint notes set forth in the plaintiff's petition.

There seems to be no distinction between this case and First National Bank of Ardmore v. Gillam, 134 Okla. 237, 273 P. 261, in which the same conclusion was reached. The distinction, if any, between this case and the Gillam Case, supra, is that an exact and specific amount of general indebtedness is stated in the mortgage now under consideration, while in the Gillam Case no such amount was specified. In the absence of allegations of competent extrinsic facts showing or tending to show that the parties contemplated also securing the joint

notes or some part thereof, we conclude that the action of the trial court was correct, and the order appealed from should be and hereby is affirmed.

The Supreme Court acknowledges the aid of Attorneys Everett Petry, J. H. Maxey, and Geo. S. Ramsey in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Petry and approved by Mr. Maxey and Mr. Ramsey, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.