## FARMERS NAT. BANK OF CHEROKEE v. DE FEVER et al.

No. 25994.  Oct. 6, 1936.

A. R. Carpenter, for plaintiff in error.

Mauntel & Spellman, for defendants in error.

PER CURIAM. Alex De Fever, hereinafter referred to as the debtor, on January 14, 1933, made to the Farmers National Bank of Cherokee, Okla., hereinafter referred to as the bank, upon a printed blank, or stock form, which appears to have been prepared and furnished by the bank, a mortgage, which was recorded two days later, of described cattle, farm implements, and the debtor's two-thirds interest in growing wheat on two tracts of land. The printed form is verbose, with provisions, among which appear certain blank spaces, the insertion in which of the descriptive entries appropriate to the individual transaction completed. the instrument for execution and delivery. The executed mortgage contains, among other things, the matter which now will be quoted, the emphasized words and figures within the quotations being manuscript or typewritten insertions in spaces thus provided therefor:

"That I, **Alex Defever** * * * in consideration of the sum of **Six Hundred and No/100** Dollars to me in hand paid by the Farmers National Bank of Cherokee, Okla. hereinafter called Bank, and for other valuable considerations, receipt of which is hereby acknowledged, have bargained, sold and conveyed, and by these presents bargain, sell and convey unto said bank, its successors and assigns, the following described personal property, now located and situated in the County of Alfalfa, State of Oklahoma, on **S. W. Qr** Section No. **30** Township **27** N. Range No. **11** WIM., to wit:"

—following which, in a blank space provided, is inserted a description of the mortgaged property. Other printed provisions ensue, after which the instrument continues:

"This conveyance, however, is intended as a Mortgage to secure said Bank, its successors and assigns, in the payment of certain indebtedness due and owing by me, evidenced by **one** certain promissory note as follows: One note dated **Jan. 14th, 1933** due **July 14th, 1933** for **$600.00.** One note dated _____ due _____ for $_____ and as well to secure the payment of all other indebtedness now due and owing said Bank. * * *"

On January 14, 1933, that is, contemporaneously with the execution and delivery of this mortgage, the debtor executed and delivered to the bank three promissory notes of that date, one being the note for $600, which the above-quoted provisions of the mortgage identify, another for $168.50, and still another for $852.18. The dates, maturities, and conditions of the three notes are precisely the same, the notes differing only as to these principal amounts.

On June 1, 1933, the debtor made to defendant Agricultural Bond & Credit Corporation, hereinafter referred to as the corporation, a mortgage, bearing that date, of all. or substantially all, the property described in the mortgage which he theretofore had made to the bank. The latter mortgage recited that it was given to secure an indebtedness to the corporation of $746, and was "subject to a mtg. of $600 to the Farmers National Bank."

On August 3, 1933, the bank began this action in the court below against the debtor and the corporation, to recover of him upon the three notes, to foreclose its mortgage for the satisfaction of the respective amounts due upon them, and to bar both defendants from any interest in the mortgaged property.

Its petition alleged, in addition to facts respecting the execution and delivery of the instruments sued on and the amounts due upon the notes, that the mortgage was given to secure the payment of the notes; that the corporation claimed some right in the mortgaged property, but that such right was inferior to the lien of plaintiff; that the wheat described in plaintiff's mortgage had been sold, and that "the check in the sum of $1,574, payable to the plaintiff and defendants," was in possession of the debtor; that certain specified deductions should be made from said amount for the payment of rent and insurance, and that the balance should be delivered to the bank.

Answers were filed by each of the defendants, which admitted, expressly or through absence of verified denial, the execution of the written instruments upon which plaintiff sued, and that the note for $600 held by the bank was secured by its mortgage, and denied that the other two notes were

secured thereby. The corporation also set up in its answer its cause of action upon its chattel mortgage hereinbefore described, alleged that the net proceeds of the mortgaged wheat had been impounded by agreement in the registry · of the court, and prayed for distribution of this amount by the payment of the note held by the plaintiff for $600 to it and of the remainder to the corporation.

No subsequent pleadings were filed.

The transcript discloses the making of the agreement for the impounding of the net proceeds of the wheat pleaded in the answer of the corporation, and that thereafter, by agreement of the parties, the trial court ordered the payment from the net proceeds of the amount due upon the note held by the plaintiff for $600, and that the remainder be held for disposition by final judgment.

On May 19, 1934, the issues were tried to the court, without the introduction of evidence, upon stipulation, which added nothing of fact affecting the conclusions deducible from the state of the pleadings already described.

The court adjudged that the lien of the bank's mortgage to the extent of the note held by it for $600 was superior to the claims of the defendants; that the lien of the corporation's mortgage was inferior only to the said lien of the bank; that the bank's claim had been fully paid and satisfied; that the remainder of the proceeds of the sale of the wheat should be paid to the corporation; and that it was entitled to the possession of the chattels.

To this judgment the bank excepted, and appeals by petition in error with transcript of the record attached.

Of the four assignments of error contained in the petition in error, three, the substantial parts of which are quoted in the first paragraph of the syllabus, may not be considered here for the reasons stated in that paragraph. Connelly v. Adams, 52 Okla. 382, 152 P. 607; Carolina v. Montgomery, 74 Okla. 121, 177 P. 612.

The other assignment of error is:

"The court erred in its finding that the mortgage of the defendant in error, upon the personal property described in the petition, (was) superior to the mortgage of the plaintiff in error on said personal property."

While this assignment does not accurately describe the decision of the trial court that the plaintiff's mortgage secured one of the notes held by plaintiff, but that it did not secure the other two, we will indulge an interpretation which gives the assignment the effect of a complaint of that ruling; so that whether or not that ruling is according to law is the sole issue for decision here.

The frequency with which this precise question arises in the business transactions of the people is manifested by the fact that this is the third time that the point has appeared here as the major subject of controversy, and is also indicated in the light of common knowledge of the extensive use which is made by bankers, farmers, merchants and others of the chattel mortgage as an instrument to secure the payment of debt, in which use printed blanks, or stock forms, are usually employed. Hence, the character of the subject is such that the principle of stare decisis gives additional weight to the authority of previous decisions in this jurisdiction respecting it. In the absence of such extraordinary cause (which does not appear in the instant case) as would make it the duty of this court to review them, neither the soundness of the reasoning by which they were reached, nor the question of what its decision would be if the matter were res integra, will be examined, and, in the circumstances, the existence of diverse opinion in other jurisdictions, of which we are aware, is now without persuasiveness here. Lasiter, Adm'r, v. Ferguson, 79 Okla. 200, 192 P. 197.

In First National Bank of Ardmore v. Gillam, 134 Okla. 237, 273 P. 261, decided November 8, 1927, this court held, upon facts which, in so far as they bear upon the question now presented, are without difference distinguishing them from those in the instant case, that a chattel mortgage, executed on a printed form in which was inserted, in one of several blank spaces provided therein for the insertion of a description of the obligations to be secured, a specific description, including the amount, of the note executed at the same time, did not secure, by force of a further printed provision in the mortgage that it was to stand as security for all other indebtedness and liabilities of the mortgagor to the mortgagee, another existing note not identified in the mortgage.

Again, in American National Bank v. Hensley, 170 Okla. 109, 39 P. (2d) 34, decided December 18, 1934, upon a record similarly parallel to that in the instant case, this court reached and rendered the same opinion upon the law, saying:

564

"There seems to be no distinction between this case and the First National Bank of Ardmore v. Gillam, 134 Okla. 237, 273 P. 261, in which the same conclusion was reached."

Therefore, the question of law which is presented by this appeal has been determined by the decision in the two cases last cited, and the results of that determination should be and now are held to be conclusive against the present contention of the bank.

Suggestion is made in the brief of the bank that the trial court erred because its judgment failed to dispose of the mortgaged property other than the wheat. Since the trial court correctly held that the lien of the bank upon the property had been extinguished by full payment, the action of that court as to the disposal of the chattels, in which the bank no longer had any interest, was not open to its exception; nor, if it were, would there be a basis for the suggestion, since the record discloses, in fact, that the trial court did adjudge that the "corporation is entitled to * * * possession of the said chattels."

While the preservation of a previously settled principle of judicial administration sometimes may work hardship in an individual case, due to the inevitable lack of perfectness in every merely human institution, no injustice results in the case at bar from adherence to the rule that heretofore has been established. The judicial conscience is satisfied with the protection thereby afforded to the corporation, which throughout respected and observed the superior interest of the bank in the property to which both were required to look for payment of obligations respectively owed to them. That conscience would be offended were it to permit the bank, after it had taken at once three notes, and a mortgage reciting as its consideration only the amount of one of the notes and describing only that note as being secured by the mortgage and having an unfilled space in which the debts evidenced by the other two notes might have been described, to appropriate the property to the satisfaction of this undisclosed indebtedness under the claim of a mortgage lien and that the corporation had constructive notice of it, and thus to exclude the corporation from the benefit of the security it rightfully had obtained.

The judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Phil W. Davis, Jr., and James

W. Cosgrove in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davis and approved by Mr. Cosgrove, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.