## JONES et al. v. CABANISS.

No. 28686. Feb. 28, 1939.

Rehearing Denied May 23, 1939.

Application for Leave to File Second Petition for Rehearing Denied June 13, 1939.

Mitchell & Mitchell, for plaintiffs in error.

Meacham, Meacham & Meacham, for defendant in error.

GIBSON, J. The district court of Custer county entered a money judgment upon a verdict against plaintiff in error and de-

creed a lien therefor against the interest of plaintiff in error in certain real property owned equally by plaintiff in error and defendant in error. This appeal is from that judgment. The parties are hereinafter referred to as they appeared in the trial court.

Plaintiff Cabaniss and defendant Jones, in June, 1927, agreed in writing that Cabaniss erect a certain building and sell to Jones a half interest therein and that Jones pay Cabaniss half of the cost thereof. Jones was also to occupy the property, and has so occupied the same since its completion in November, 1927. An agreed total monthly rental for the property was provided for in said contract, and that Jones should pay to Cabaniss, together with other sums, to apply on Jones' indebtedness to Cabaniss, that portion of the rent to which Jones would be entitled. Payments were made pursuant to this arrangement until March, 1932, when a supplementary contract was made between the parties, in which the balance then due under the original contract, a sum representing certain unpaid notes purchased by Cabaniss from Jones, and a cash advancement to Jones by Cabaniss, were the recited consideration. As a result of these transactions and on account of Jones' alleged failure to pay in accordance with the agreements, this action and the resulting judgment arose.

Jones in this appeal charges first the insufficiency of the evidence to sustain the verdict. Reference to the record discloses that plaintiff neither interposed a demurrer at the close of all the evidence nor moved for a verdict in his favor. In this situation this court is not obliged to examine the record to determine the claimed insufficiency. Remund v. Liberty Nat. Bank, 168 Okla. 580, 35 P.2d 457; Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985.

Defendant complains by his second proposition of the exclusion of two checks to show payments on defendant's account to plaintiff. The court excluded these on the ground that payment had not been pleaded.

Plaintiff's petition, pleading the two contracts, recites the entire consideration of the building and lots, and shows defendant's half thereof, and further alleges that prior to the completion defendant paid sums reducing defendant's indebtedness for his half of the building as of November, 1927, to a balance of $6,282.50.

Defendant's answer consists of a general denial; admission of the execution of the two contracts and the amount of the consideration of the original thereof, and pleaded usury and overpayment. He further pleaded that when the building was ready for occupancy and its cost definitely ascertained, the true and correct amount then so owing was $5,000. Defendant does not specifically plead any payments to reduce the original of his half of the building cost to the $5,000, as claimed by him. It was in reduction of that original cost of his half that the refused checks were offered. Since payment is an affirmative defense which must be expressly pleaded, the refusal to admit the checks in evidence was not error. Standard Fashion Co. v. Joels, 60 Okla. 195, 159 P. 846; Saunders v. McKee, 177 Okla. 357, 58 P.2d 1234. Defendant insists that his evidence of payment was admissible under the recognized exception to the general rule as stated in Jones v. El Reno Mill & Elevator Co., 26 Okla. 796, 110 P. 1071, as follows:

"Where the action is merely for an alleged existing balance due at the time of the institution of the suit, without reference to the extent or amount of original liability, evidence of payment is admissible under the general denial."

But the petition here declares upon the supplemental contract evidencing the original indebtedness or liability as therein set out, and therefore does not fall within the exception above stated.

Defendant charges error in the giving of five certain instructions, all dealing with the question of usury. These instructions, if erroneous, were harmless. The contract and supplement thereto sued upon specifically provide that future adjustments should be made so as to avoid any payment of interest over 10 per cent. Under this character of contractual relationship usury could not possibly result. If excessive interest was actually paid, it was subject later to adjustment, and to recovery, not as usury by virtue of a statutory obligation, but simply by reason of a valid contractual undertaking.

Defendant in his brief charges, and plaintiff in his brief admits, that, as reflected by plaintiff's exhibit 28, in arriving at the balance of the original contract amount due, for purposes of including that balance as a part of the consideration for the second contract, in calculating credit to defendant for the original $1,250 payment

pleaded by plaintiff, that this amount was erroneously deducted from the entire cost of the building, and then defendant's half determined; whereas defendant's credit of $1,250 should have been deducted from only defendant's half of the cost. This error in calculation admittedly resulted in an overcharge to defendant of $625, and interest thereon at 10 per cent. for four years and four months. The judgment should be reduced by the sum of such overcharge and interest.

As thus modified, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.