SELECTED INVESTMENTS CORPO-
RATION v. SPENCER-SEDBROOK.

No. 31844. Dec. 11, 1945.

Rehearing Denied March 12, 1946.

166 P. 2d 764.

Paul Washington and Gilliland, Ogden, Withington & Shirk, all of Oklahoma City, for plaintiff in error.

Abe L. Roberts, of Memphis, Tenn., and Roger L. Stephens and Ted Foster, both of Oklahoma City, for defendant in error.

RILEY, J. The corporation, as plaintiff, sued defendant for $123.29 as a balance due on a $200 promissory note evidencing a loan of money. Defendant denied generally and affirmatively pleaded the transaction to be usurious, directing the plea to the falsity of the nonusury affidavit supporting plaintiff's action. Defendant counterclaimed for double the amount of alleged usury collected but later dismissed the counterclaim. Judgment was for defendant, based upon the verdict of a jury.

The undisputed facts are that on October 26, 1942, defendant borrowed $200 from plaintiff, as evidenced by the note sued upon. That note bore interest at 10%. It was payable in 30 days and subject to extension by monthly payment of interest.

Contemporaneously defendant purchased from plaintiff a $250 investment trust certificate for which she executed and delivered to plaintiff her (investment) note for $250. The certificate was pledged and an automobile was mortgaged to secure defendant's $200 borrowing note. The investment note was without interest; it was payable in twelve months. The investment, when paid up, was calculated to earn defendant 5% interest. It had a loan value of 80%, and a 20% service charge. Installments on the investment note were $20.83 per month with 10c per day penalty for default. Thus defendant owed plaintiff $22.50 per month, being $1.67, or 10%, interest on the borrowing note, and $20.83 on the investment note.

After default, and on December 21, 1942, defendant paid plaintiff $22.50, of which amount $20.83 was applied on the investment note of $250, and $1.67 was applied to interest on the loan note of $200. On January 28, 1943, defendant paid plaintiff $24.17 and $20.83 was applied to the investment note and $3.34 was credited to the loan note. On April 1, 1943, defendant paid plaintiff $45.02, of which $41.68 was applied to the investment note and $3.34 was credited to the loan note. Between the date of the execution of the loan note and the date of the last payment and application of interest to it, five months had elapsed and five payments of interest at the rate of $1.67 per month had been paid thereon, so that, as applied to it, no usury was charged or collected. On the investment note, four payments were made, and on April 1, 1943, defendant was in default, and since no payment was made subsequently, on September 3, 1943, plaintiff applied the whole value of the pledged investment trust certificate to the payment of the loan note, as it had right to do under the pledged security, and sued for a balance of $123.29. The total paid on the investment note was $83.34. That amount was applied to the $200 loan note, which left a balance of $116.66, which, together with $8.35 interest accrued, amounted to $125.01, being $1.72 more than the amount sought in suit.

There was no substantial conflict in the evidence. Fraud, as an inducement of entering simultaneously into the borrowing and investment agreements, was not pleaded as a defense. Neither was fraud proved, even though it be considered that usury is equivalent to fraud. Consequently there was no issue to present to the jury. Hickman v. Oklahoma Savings & Loan Ass'n, 169 Okla. 224, 36 P. 2d 928.

The note sued upon had incorporated therein the following provision:

"It is expressly understood and agreed that not more than 10 per cent interest is charged on this contract, and that future adjustment will be made to avoid the payment of interest over 10 per cent."

In Jones et al. v. Cabaniss, 185 Okla. 175, 91 P. 2d 83, it is said:

"The contract and supplement thereto sued upon specifically provide that future adjustments should be made so as to avoid any payment of interest over 10 per cent. Under this character of contractual relationship usury could not possibly result. If excessive interest was actually paid, it was subject later to adjustment, and to recovery, not as usury by virtue of a statutory obligation, but simply by reason of a valid contractual undertaking."

Under that statement of the law, usury could not possibly result in the instant case. Plaintiff did not receive and defendant did not pay any interest whatever in excess of 10% per annum, but if we err in this, then under the cited case the amount paid, if any, constituted merely money had and received, subject to recovery as such and not as usury. Giving defendant credit for every cent she paid, calculating interest at the rate of 10% per annum, there was due on the $200 note more than $123.29, for which plaintiff sued. Therefore, if the two contracts be treated as one transaction so as to result in the charge of usury, plaintiff made the adjustment called for by the note, before suit was brought. Consequently, no usury was in fact charged or collected and the non-usury affidavit, under the admitted facts in the case, was not false.

This court has sustained the plan of business somewhat similar to that involved in the case at bar. Freed-Goodall Furn. Co. v. Morris Plan Co., 194 Okla. 556, 152 P. 2d 902. The enterprise in which defendant was involved, i.e., borrowing and investing, and in which plaintiff was engaged, i.e., investments and securities, is either legitimate, following the building and loan plan, or it is a cloak to hide usury, and this is so as a matter of law since the instruments are plain and unambiguous. That contingency should not be left to a jury. This is so, notwithstanding that the contracts may not be

completed by a poor person, due to an impoverished or needful condition arising, and when not completed within the option of the investor-borrower, the net result may amount to great cost for the use of money borrowed. This is also true, notwithstanding that during the time defendant was paying out her investment, the plaintiff had use of her money without interest.

Reversed and remanded, with directions to enter judgment for plaintiff for $123.29 with interest thereon at 10% from March 26, 1943, and for an attorney's fee of $50, and costs, as provided in the note.

WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., and OSBORN and BAYLESS, JJ., dissent.