## HUMPHREY v. SELECTED INVESTMENTS CORP.

No. 34730.   Feb. 26, 1952.

Rehearing Denied April 15, 1952.

*244 P. 2d 299.*

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Washington & Thompson, Oklahoma City, for defendant in error.

BINGAMAN, J.   This action was brought by Selected Investments Corporation against the defendants, Gabe Humphrey and Patsy Humphrey, to collect certain promissory notes made by the defendants and to foreclose real estate mortgages given to secure the notes. Defendants admitted the giving of the notes and the execution of the mortgages; pleaded usury and sought by cross-petition to recover a sum equal to the amount of the notes and interest due as usury. The trial court rendered judgment for plaintiff, and the defendant, Gabe Humphrey, appeals.

In this court defendant first contends that the judgment against the property is not effective for the reason that at the time the action was brought Patsy Humphrey, who had been the wife of Gabe Humphrey, was dead, and that Alberta Humphrey, the then wife of Gabe Humphrey, was not made a party to the action. This contention is without merit.

From the record it appears that the action was brought against the parties who signed the note and mortgage and there is nothing to indicate that plaintiff had any information to the effect that Patsy Humphrey was dead, and that Gabe Humphrey had remarried Alberta Humphrey. No disclosure of this fact was made to the court by Dave Humphrey throughout the case although numerous pleadings were filed for Gabe and Patsy Humphrey, and the disclosure was made in the motion for new trial for the first time.

In United States Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834, we said:

."The question of defect of parties defendant must be raised in the court below, and, if no objection be taken by either demurrer or answer, the defendant will, as a general rule, be deemed to have waived the same."

If the defect does not appear from the face of the petition it must be raised in the answer, 12 O. S. 1951 §269.

In Panther Oil & Gas Co. v. Brown, 170 Okla. 210, 39 P. 2d 150, we held that the question of defect of parties could not be raised for the first time in a motion for new trial, and in Muzny v. Holland, 193 Okla. 695, 146 P. 2d 292, we held that in order to be urged on appeal it must be raised either by demurrer or answer.

For his second contention defendant says that the evidence does not sustain the judgment in that the notes and

mortgages introduced in evidence show that they provided for more than 10 per cent per annum as interest.

At the trial defendant made no effort to show that usurious interest had been charged, but contented himself with proving that the property was the homestead of the defendant, Gabe Humphrey, and with introducing in evidence a statement of interest paid by him on the notes. Since plaintiffs' witnesses had testified that they made payments on insurance and other items on behalf of defendant, it is impossible to say from this statement whether more than 10 per cent interest was collected or not. However, the notes sued upon in this action contained the provision that it was expressly understood and agreed that not more than 10 per cent interest was charged on the notes and that future adjustment would be made to avoid payment of interest over 10 per cent. In Jones v. Cabaniss, 185 Okla. 175, 91 P. 2d 83, and in Selected Investments Corp. v. Spencer-Sedbrook, 196 Okla. 565, 166 P. 2d 764, we said that where the contract so provided usury could not possibly result and if excessive interest was in fact paid it was subject to adjustment. This contention is also without merit.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.