## DU BEAU v. SMITHER AND MAYTON, Inc.

### No. 11377.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 9, 1953.

Decided April 16, 1953.

Mr. W. Cameron Burton, Washington, D. C., with whom Mr. Harry J. Breithaupt, Jr., Washington, D. C., was on the brief, for appellant. Mr. Ward B. McCarthy, Washington, D. C., also entered his appearance for appellant.

Mr. Sidney M. Goldstein, Washington, D. C., with whom Messrs. Joseph D. Bulman, Joseph S. Cullins, Jr., and Samuel Z. Goldman, Washington, D. C., were on the brief, for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal draws in question refusal of the District Court to strike a depositon.

At the request of defendant's attorney, the plaintiff's (appellant's) attorney went to Falls Church, Virginia, a few miles beyond the District of Columbia boundary, to attend the taking of a deposition of one Douglas. After testifying on direct examination favorably for defendant, the witness declined on cross-examination, "for personal reasons," to reveal his place of residence or his occupation. These facts were unknown to plaintiff or her attorney, or to defendant's attorney, except as deponent had indicated his residence to be four or five hundred miles from Washington. He had been produced at Falls Church, rather than Washington, by, and under attendance of, his own personal attorney.

Plaintiff's attorney gave notice that he would move to strike the deposition for refusal of the witness to answer the questions, and he did so move at the trial. The court denied the motion and admitted the deposition over objection.

The trial involved a negligence suit for injuries to plaintiff by defendant's truck driven by the witness Douglas. The opposing testimony of plaintiff and Douglas was the only evidence of eyewitnesses to the accident. Obviously, in those circumstances the credibility of Douglas was of especial importance. Although declining to strike the deposition, the trial judge did instruct the jury that in determining the credibility of Douglas consideration might be given, along with all other circumstances, to the refusal of the witness to reveal his residence and occupation.

We think the court erred in not striking the deposition. Alford v. United States, 1931, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, seems fairly in point and must therefore control. In the trial of that case a Government witness, on direct examination, gave damaging testimony against the accused. On cross-examination questions seeking to elicit the witness' place of residence were excluded on the Government's objection that they were immaterial. Although the Court of Appeals upheld the trial court, the Supreme Court in a unanimous opinion reversed. Citing many authorities in the course of its opinion the Court says, 282 U.S. at page 691, 51 S.Ct. at page 219, 75 L.Ed. at page 627:

"Cross-examination of a witness is a matter of right. * * * Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood * * * that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment * * * and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased."

Further the Court says, 282 U.S. at page 693, 51 S.Ct. at page 220, 75 L.Ed. at page 628:

"* * * The question 'Where do you live?' was not only an appropriate preliminary to the cross-examination of the witness, but on its face, without any such declaration of purpose as was made by counsel here, *was an essential step in identifying the witness with his environment,* to which cross-examination may always be directed." (Emphasis added.)

Appellee attempts to differentiate the Alford decision upon the ground that it relates to a criminal trial. We cannot see the distinction. As the Supreme Court points out, cross-examination may *always* be directed towards identifying a witness with his environment. Measuring the credibility of a witness in a civil trial is equally as important as in a criminal trial. The Supreme Court also says in the Alford case, 282 U.S. at page 692, 51 S.Ct. at page 219, 75 L.Ed. at page 628, "It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop."

This, we think, disposes of the argument made here that no purpose was shown to support the questions as to residence and occupation. Dealing more directly with that subject the Supreme Court points out, 282 U.S. at page 692, 51 S.Ct. at page 219, 75 L.Ed. at page 628:

"Counsel often cannot know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily exploratory; and the rule that the examiner must indicate the purpose of his inquiry does not, in general, apply. * * * Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. * * * To say that prejudice can be established

only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial."

So the Court concludes that the question as to where the witness lived was on its face, without any declaration of purpose, an essential step in identifying the witness with his environment.

Counsel for appellee mistake that part of the Alford opinion, to which we have referred, as being predicated upon a declared purpose by counsel to develop bias in the witness. That is an additional ground discussed by the Supreme Court, entirely independent of the right to develop identification of a witness with his community "so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood."

Appellee relies upon United States v. Easterday, 2 Cir., 1932, 57 F.2d 165, but the circumstances there were so different from those of the Alford case as to lead the court to hold the Supreme Court decision inapplicable,—whether rightly or wrongly we need not say. However, the facts of the instant case are substantially similar, and cannot justify any departure from the Alford decision.

It is also argued that plaintiff should have sought to compel the desired testimony by recourse to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Yet lacking knowledge as to where Douglas might be found or served, any effort to proceed under the rule would have been futile, especially as a residence four or five hundred miles from Falls Church would be outside the boundaries of Virginia and beyond reach of the federal district court before whom proceedings would have had to be instituted.

We hold that admission of the Douglas deposition was prejudicial error. The motion to strike it should have been granted for the effect of deponent's refusal to reveal his place of abode or occupation was a substantial deprivation of the right of cross-examination. Cumberland R. Co. v. Girdner, 1917, 174 Ky. 761, 192 S.W. 873; Gallagher v. Gallagher, 3d Dept. 1904, 92 App. Div. 138, 87 N.Y.S. 343; Citizens Bank & Trust Co. v. Reid Motor Co., 1939, 216 N.C. 432, 5 S.E.2d 318.

Although appellant raises other questions they seem to be geared to the testimony of Douglas contained in his deposition, and as that must be suppressed, we see no need to deal with those remaining points.

Reversed.