Sammie FRIERSON and Lamar Construction
Company, Plaintiffs in Error,

v.

William A. HINES, Defendant in Error.

No. 41484.

Supreme Court of Oklahoma.

Feb. 28, 1967.

Rehearing Denied April 4, 1967.

Sanders, McElroy & Whitten, and Richard L. Carpenter, Jr., Tulsa, for plaintiffs in error.

Baker & Baker, Tulsa, for defendant in error.

BERRY, Justice.

This is an appeal from a judgment entered upon a jury verdict in favor of defendant in error, hereafter designated plaintiff, in a negligence action. Since the single issue dispositive of the appeal will necessitate retrial of the case, we avoid reference to other matters and issues submitted to the jury.

Approximately eleven miles west of Muskogee, Oklahoma, Highway 64 runs east and west, passing under a railroad underpass some 112 feet east of the point of this accident. Before daylight on the morning of October 2, 1962, plaintiff was driving a Continental Trailways bus toward Tulsa,

Oklahoma. A light rain was falling in that area. Just prior thereto in point of time defendant Frierson had been driving east in a White truck tractor which had stalled upon the highway west of the underpass. Allegedly the bus driven by plaintiff was unable to avoid a collision and struck the stalled truck. As the result of the accident plaintiff brought this action to recover damages for personal injuries sustained in the accident, allegedly resulting from various acts and omissions of defendants.

At the trial there was evidence in plaintiff's behalf elicited from a highway patrolman, who detailed his findings as to physical conditions and surroundings, ascertained by investigation conducted after his arrival upon the scene following the accident. Another witness for plaintiff, operator of a wrecker called to the scene, also testified concerning physical circumstances and conditions observed after the accident.

Plaintiff's principal witness, who testified to matters and events both prior to and at the time of the collision, was a lady passenger (Mrs. Chenoworth). Accompanied by her mother, the witness had boarded the bus in Memphis, Tennessee, the evening before for the trip to Tulsa, Oklahoma. She recalled plaintiff taking over operation of the bus in Ft. Smith, Arkansas, a short rest stop in Muskogee, and the remainder of the trip to the point of the accident. From her position in the second seat from the right front of the bus, this witness observed and was able to testify in detail as to the physical circumstances of the developing collision. The witness testified positively and unequivocally as to the manner in which plaintiff handled the bus prior to the collision, stating that plaintiff "did everything possible" to pull the bus to the right and avoid striking the stalled truck.

When this witness was offered for cross-examination, plaintiff's counsel, out of the jury's hearing, advised the court defendants' counsel intended to show this witness had received a $240.00 settlement from

plaintiff's insurance carrier, and requested that defendants' be admonished not to make such reference. The court stated that counsel would not be permitted to go into the matter of the release executed by the witness. Defendants' counsel then stated:

"She received $240.00 from the Transcontinental Trailways Truck, and executed a release to the Transcontinental Bus Company, W. A. Hines, driver, she made a claim against the bus company and the driver, the plaintiff herein, W. A. Hines, and received a payment from the Transcontinental, from Hines, $240.00 and I want to show that she asserted a claim against the driver because of the way he handled the bus, which goes to the credibility of the witness.

"THE COURT: No, I am not going to permit you to use it.

"MR. SANDERS: You are not going to let me show you that if this witness were asked, did she assert a claim against the plaintiff, W. A. Hines, and the bus company and received in return therefor $240.00?

"THE COURT: Not under the circumstances of this case."

After verdict and judgment had been entered for plaintiff and motion for new trial had been overruled, this appeal was perfected upon the original record.

■ The assignments of error urged as grounds for reversal of the judgment are argued under three propositions. We are of the opinion the error presented under defendants' first proposition requires reversal of the case, and thus consider only the single proposition:

"The trial court erred in refusing to allow defendants the right to cross-examine plaintiff's witness regarding settlement of her claims against the plaintiff in that the settlement of a claim against an opposing party by an adverse witness is proper evidence to show the bias or prejudice of the witness."

■ It is defendants' position that the trial court's refusal to permit cross-examination by showing bias and prejudice, as a means of attacking credibility of this witness violated an absolute right, which could not be rightfully denied. It is elementary that cross-examination of witnesses is a safeguard to truthfulness and accuracy, and may be used either to develop facts favorable to the cross-examiner, or to discredit a witness. 58 Am.Jur., Witness § 610; Chicago R. I. & P. Ry. Co. v. Hill, 36 Okl. 540, 129 P. 13, 43 L.R.A.,N.S., 622, 623; Hungate v. Hudson, 353 Mo. 944, 185 S.W.2d 646, 157 A.L.R. 598; State of Kansas v. Rowland, 172 Kan. 224, 239 P. 2d 949, 30 A.L.R.2d 455. That it is as important to measure credibility of a witness in a civil trial as in criminal actions see annotation 37 A.L.R.2d 733.

■ Although the extent to which cross-examination may go upon an appropriate subject is within the wide latitude of the trial court's discretion, abuse of discretion which results in prejudice to the complaining party provides grounds for appellate action. Thus it is the general rule that refusal to allow any cross-examination upon matters tending to affect the credibility of a witness is error. 58 Am.Jur., Witnesses §§ 621–624, inclusive; 154 A.L.R. 115; Bewley v. State, Okl., 404 P.2d 39. And cross-examination of a witness for purpose of eliciting facts to show bias, prejudice or friendship always is considered competent. Barrow v. State, 17 Okl.Cr. 340, 188 P. 351, 9 A.L.R. 207; 21 A.L.R.2d 1078. Neither the text rules nor judicial declarations alluded to conflict with the result in Layton v. Purcell, Okl., 267 P.2d 547, based upon the holding in Holman v. Lozier, 100 Okl. 128, 227 P. 886, to the effect that the matter of credibility of a witness lies peculiarly within the jury's province.

■ The right to impeach a witness and destroy his credibility may be accomplished by showing bias, prejudice or motive, either by testimony of the witness or by other evidence. 58 Am.Jur., Witnesses

§ 706; Sprinkle v. Davis, 4 Cir., 111 F.2d 925, 128 A.L.R. 1101; 21 A.L.R.2d 1124. The right to inpeach a witness, denominated an elementary rule, has been said to rest upon the reason that in furtherance of justice the sentiments of a witness, which would tend to bias or prejudice his point of view, should be made known so the jury may know such facts in order to weigh the credibility of the testimony. Thus, even when evidence proper for impeachment purposes is incompetent for other purposes under general rules of evidence, and might tend to prejudice the jury against the party for whom the witness is testifying, this generally does not furnish grounds for excluding such testimony. Upon this basis a rule of wide application is that despite the rule excluding testimony of insurance in a negligence action, the right to cross-examine to show bias or interest is not abridged or destroyed because such evidence might develop facts prejudicial in some respects to the other party. See 56 A.L.R. 1439, and footnote citations: 74 A.L.R. 855 and 1157; 95 A.L.R. 397; 105 A.L.R. 1323. As to prejudice arising from disclosure of the fact of liability insurance in certain instances see Lakeview, Inc. v. Davidson, 166 Okl. 171, 26 P.2d 760; Westgate Oil Co. v. Mabee, 181 Okl. 487, 74 P.2d 1150, and authorities therein cited.

In Potter v. State, 91 Okl.Cr. 186, 217 P.2d 844, 20 A.L.R.2d 1416, our appeals court stated in syllabus 2:

"Anything which tends to show bias or prejudice on the part of the witness or anything which shows his friendship or intimacy toward either of the parties is commonly a proper subject of inquiry."

Although decisions of the appeals court are not binding upon this Court, without exception they are accorded a high degree of persuasiveness. In recognition of the rule that it is as important to measure the credibility of witnesses in civil cases as it is in criminal cases, we consider the quoted rule to be sound and of salutary effect. This rule is adopted as the controlling principle in the present appeal.

The discretion vested in trial courts to control the extent of cross-examination by which credibility of a witness is attacked does not extend to the entire exclusion of such testimony. The trial court erred in refusing defendants the right to cross-examine plaintiff's witness as to possible bias and prejudice, which evidence might have been considered by the jury in determining credibility of the witness.

The judgment is reversed and the case remanded for new trial.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

HODGES and LAVENDER, JJ., dissent.