**OKLAHOMA PREFERRED FINANCE & LOAN CORPORATION, Plaintiff in Error,**

.v.

**Carl MORROW, Defendant in Error.**

**No. 43604.**

Supreme Court of Oklahoma.

March 7, 1972.

Rehearing Denied May 2, 1972.

Nicklas, Parrish & Saenz, W. F. Parrish, Jr., Lawton, for plaintiff in error.

Warren H. Crane, Lawton, for defendant in error.

JACKSON, Justice:

This usury case is here because of conflicting decisions previously written by this court. In the 5th paragraph of our syllabus in Munn v. Mid-Continent Motor Securities Co. (1924), 100 Okl. 105, 228 P. 150, in following an opinion written in 1918 (Bean v. Rumrill, 69 Okl. 300, 172 P. 452, 456), we held:

> "It is the uniform policy of the courts not to permit an act forbidden or penalized by statute to be done either directly or indirectly. This court will not uphold any shift or device by which the lender

may receive more than 10 per cent per annum for the use or forbearance of money."

The 5th paragraph of our syllabus in Munn was followed in Standard Credit Co. v. Lauderbaugh (1934), 169 Okl. 266, 36 P.2d 949, and appears therein as paragraph two of our syllabus. The Munn rule was again followed in the 3rd paragraph of our syllabus in Mercer & Co. v. Port (1936), 176 Okl. 589, 56 P.2d 352.

However, in Jones v. Cabaniss (1939), 185 Okl. 175, 91 P.2d 83, we overlooked the Munn rule and said:

> "The contract and supplement thereto sued upon specifically provide that future adjustments should be made so as to avoid any payment of interest over 10 per cent. Under this character of contractual relationship usury could not possibly result. If excessive interest was actually paid it was subject later to adjustment, and to recovery, not as usury by virtue of a statutory obligation, but simply by reason of a valid contractual understanding."

In 1946 the Jones rule was quoted and followed in Selected Investments Corp. v. Spencer-Sedbrook, 196 Okl. 565, 166 P.2d 764, with the additional commentary:

> "Under that statement of the law [Jones rule], usury could not possibly result in the instant case. * * * (U)nder the cited case [Jones] the amount paid, if any, constituted merely money had and received, subject to recovery as such and not as usury."

In 1952 we again overlooked the Munn rule and followed the Jones rule, Humphrey v. Selected Investments Corp., 206 Okl. 321, 244 P.2d 299. Therein we said:

> "(T)he notes sued upon in this action contained the provision that it was expressly understood and agreed that not more than ten per cent interest was charged on the notes and that future ad-

justment would be made to avoid payment of interest over ten per cent." (Citing *Jones* and *Selected Investments,* supra.)

The *Jones* rule as stated in Jones v. Cabaniss is not supported in any citation of authority and we have found no case that supports it. It has been held that a creditor may not exact a usurious contract from a borrower and then relieve himself of the pains and penalties imposed by statute by merely writing into the contract a disclaimer of any intention to charge a usurious rate of interest. Nevels v. Harris (1937), 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464; Federal Mortgage Co. v. Hawkins (1936), Tex.Civ.App., 95 S.W.2d 744.

In the instant case the plaintiff, Carl Morrow, borrowed money on an installment note and mortgage from the defendant, Oklahoma Preferred Finance and Loan Corporation. The plaintiff voluntarily prepaid the note before it was due and later sued the defendant, Oklahoma Preferred, for charging and collecting usurious interest under the provisions of 15 O.S.1961, Secs. 266, 267 and 268. Defendant filed an answer admitting an over collection of interest in the sum of $341.09, and, as an affirmative defense, alleged that the note signed by plaintiff, Morrow, specifically provided:

> "It is expressly understood and agreed that not more than 10% interest is charged on this contract, and that future adjustments will be made to avoid the payment of interest over 10 per cent."

Both parties filed motions for judgment on the pleadings and agreed that one or the other of the motions should be sustained. The trial court overruled defendant's motion for judgment in plaintiff's favor in the sum of $341.09 on the contract and entered judgment for plaintiff on his petition for twice the interest paid and for attorney fees. Defendant appealed.

The defendant contended in the trial court, and contends on appeal, that under the provisions of the note executed by plaintiff and delivered to the defendant the plaintiff does not have a cause of action for statutory usury, but an action on contract. Defendant relies upon the rule expressed in Jones v. Cabaniss and followed in the Selected Investments cases above mentioned (the *Jones* rule), and contends that they should be followed as *stare decisis.*

Plaintiff contends that the rule expressed in Jones v. Cabaniss and followed in the Selected Investments cases is mere dictum and not the law in Oklahoma.

We have said that a statement or conclusion pertaining to an issue in a case is not dictum, Oklahoma Natural Gas Company v. Long, Okl., 406 P.2d 499.

If the rule as stated in Jones v. Cabaniss should be treated as dictum it seems very doubtful it could retain that description after being repeated and followed in the two Selected Investments cases.

We have held that where a series of decisions of a court of last resort have been accepted and agreed upon as a proper interpretation of the law for a long time, courts are slow to interfere with principles announced in the former decisions and often uphold them, even though they would · decide otherwise were the question a new one. Webb v. Semans, 110 Okl. 72, 235 P. 1074.

In the first paragraph of our syllabus in Farmers Nat. Bank of Cherokee v. DeFever, 177 Okl. 561, 61 P.2d 245, we held:

> "Where judicial decision fairly may be presumed to have entered into the business transactions of the people and by them to have been acted upon as an established rule of contracts, the principle of stare decisis ordinarily requires the adherence of this court to such decisions when the questions they have adjudicated are presented again."

We are satisfied that the contracting parties in this case acted upon the rule as expressed in the Jones case and followed in the Selected Investments cases. Under these circumstances we must follow the Jones rule, as a rule of property, Mc-

Dougal v. McKay et al., 43 Okl. 261, 142 P. 987; Oklahoma County v. Queen City Lodge, 195 Okl. 131, 156 P.2d 340; 20 Am.Jur.2d, Courts, §§ 196, 197, 21 C.J.S. Courts §§ 193, 194, even though we are now convinced the rule there announced is erroneous.

The judgment of the trial court is vacated with instructions to enter judgment for the plaintiff against the defendant in the sum of $341.09 as prayed for by the defendant.

■ The cases of Jones v. Cabaniss, Selected Investments Corp. v. Spencer-Sedbrook, and Humphrey v. Selected Investments Corp., are overruled prospectively insofar as they hold that a creditor may relieve himself of the penalties imposed by the usury laws of this state by writing into the contract an agreement to rebate or refund interest collected in excess of the legally authorized rate.

DAVISON, V. C. J., and WILLIAMS, IRWIN, LAVENDER and BARNES, JJ., concur.

HODGES and McINERNEY, JJ., concur in that part of the opinion represented by the syllabus and dissent from that part of the opinion reversing the Court of Appeals and vacating the judgment of the trial court.