## F. B. McNEW v. STATE.

No. A.-6709. Opinion Filed August 10, 1929.
(279 Pac. 978.)

130

Paul R. Haunstein, for plaintiff in error.

Dan Mitchell, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $150 and to be confined in the county jail for 60 days.

Under a search warrant issued by D. Fogelsong, a justice of the peace of the city of Enid, a search was made of the premises described in syllabus 2 of this case. The front part of the building was used as a store building in which was kept a grocery store and a drug store. In the rear of the storeroom was a kitchen, a living roon, and two smaller rooms. In the first room back of the store was found three or four glasses with a small amount of whisky in each of them and a five-gallon jug with a small amount of whisky in it. In the kitchen was found an ice box with flat top and sliding doors with a trick door held in place with nails sticking out a short distance, and in an air chamber around the ice container they found eighteen pints of whisky. The defendant admitted the ownership of the whisky but later denied that it was being kept for unlawful purposes and claimed it was being used solely for the defendant's own use.

Only one question is presented, and that is that the evidence obtained under the search warrant was inadmissible for the reason that the affidavit for the search warrant was insufficient to authorize the search of that part of the premises used as a dwelling house. The defendant filed a motion to suppress the evidence taken under the search warrant, for the reason that the facts alleged in the affidavit were not made upon actual knowledge, but upon information and belief, and that the statement set forth in the affidavit for search warrant was untrue and false and was known to be untrue and false at the time the affidavit was made; also because the return of the officer to the search warrant was not signed, although the trial court allowed the officer to sign his return in open court when the objection was made; also that the evidence was obtained in violation of the Bill of Rights of the Constitution of the state of Oklahoma.

The defendant cites the case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, in support of his contention that the affidavit for the search warrant is insufficient.

In the later case of Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, 452, this court said:

"The sufficiency in form or substance of the affidavit for search warrant and the search warrant itself may be challenged by a motion to suppress evidence or by an objection to the admission of evidence. Such challenge is to be determined by the trial court. It is never a question for the jury. The purpose of the verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether

or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant."

In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, recently decided, this court said:

"The finding of probable cause, as well as the issuing of the search warrant, is a judicial function, to be exercised by the magistrate alone, upon the sufficiency of the facts stated in the affidavit, which should have the force and effect of evidence, as distinguished from the mere conclusions of the affiant. * * * Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained."

These two cases state the true rule for testing the sufficiency of affidavits for search warrants. Under these authorities the affidavit in the case at bar is sufficient upon its face to authorize the issuance of the search warrant complained of. The search warrant contains, in addition to the usual recitals in such warrants, the following statement:

"* * * And I find from the affidavit filed and from the evidence of witnesses sworn and examined that there is probable cause to believe, that malt, spirituous, vinous and fermented liquors are kept for sale and being unlawfully sold in a one story frame building located in the southeast corner of the southeast quarter of section 14, twp. 22, range 4, W. I. M., and known as Jennie Hall's booze joint, in Garfield county, Oklahoma, and that the above described property is being used as a place of storage for such liquors, and is a public resort maintained for the illegal sale and distribution of such liquors."

The warrant states that the magistrate issuing the same had before him, not only the affidavit for the search warrant, but that witnesses were sworn and examined before him, and he found from the affidavit and from the testimony of the witnesses sworn and examined that there was probable cause to believe that liquor was being kept at the premises described. This showing was sufficient to show probable cause, and that is all that is required to authorize the issuance of the search warrant.

In the case of Ray v. State, supra, this court said:

"The burden of proving the invalidity of the search rested on the defendant and not on the state. The trial court permitted the defendant to cross-examine the witness who made the affidavit for the search warrant as to his knowledge and information upon which the affidavit was based, although the affidavit on its face purported to be sworn to as to some allegations on personal knowledge and as to others on information on facts therein stated, and the affidavit was positively sworn to. * * * The sufficiency of the affidavit in this case must therefore be tested from the affidavit itself and not by reason of any extraneous testimony of the person sworn. It was improper for the court to permit the defendant to cross-examine Hill, who made the affidavit for the search warrant. * * * The function of the search and seizure proceeding is to aid the proper officers in procuring evidence to be used by the state in prosecuting the defendant, which evidence could not be secured without the aid of a search warrant. Being a preliminary proceeding to the main case, it is only necessary that the affidavit should show probable cause as in a preliminary hearing. The same degree of proof not being required in a preliminary hearing as in a trial, so the same degree of proof should not be required in procuring a search warrant as would be required in securing a conviction in a trial. Tested by the authorities cited in this opinion, the affidavit was sufficient to authorize the issuance of a search warrant,

and the evidence obtained by means of the search was properly admitted."

The fact that a portion of the building to be searched might have been occupied by the defendant as a residence, although he only testified that he boarded there with another family, is immaterial in this case. The information upon which the search warrant was issued complied with the provisions of section 7013, C. O. S. 1921, and the search of the rooms in the rear of the store building was proper and was legally made. The liquor seized under the search was therefore admissible in evidence against the defendant.

The motion to suppress the evidence was properly overruled. The other errors complained of by the defendant being without merit, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.