RAY LEROY LOVE v. STATE.

No. A-10681.   June 25, 1947.

(182 P. 2d 793.)

Robert O. Swimmer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Haskell A. Holloman, Asst. Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Ray Leroy Love, was charged by information filed in the court of common pleas of Oklahoma county with the offense of unlawful possession of intoxicating liquor, was tried, convicted, with the punishment left to the court. The defendant was subsequently sentenced to serve 30 days in the county jail and pay a fine of $150, and has appealed.

For a reversal of this case, two propositions are presented:

First, the search and seizure was illegal and unlawful because the search warrant did not describe with sufficient certainty the place to be searched.

Second, the court erred in allowing evidence to be admitted on rebuttal impeaching the character of the defendant by a showing of prior convictions of crime where the defendant had not taken the stand in his own defense and had not placed his character in issue.

In connection with the first proposition, it is contended that the search warrant described the place to be

searched as: "A one story frame building known as the 'Casa Loma Domino and Pool Building' located at 1334 Southeast 29th Street, adjacent to Oklahoma City, Oklahoma Township, Oklahoma," and, that this building described in the warrant covered the public property of one individual in the front of said building while the defendant and his wife were merely tenants who occupied the rear three rooms of said building.

We have carefully examined the record in connection with this issue. The testimony of the officers who made the raid was clear and convincing, while that of the defendant given on the motion to suppress evidence and his alleged wife was full of inconsistencies and misstatements. Under the testimony of the officers, the defendant was operating the pool and domino parlor and evidently selling whisky, as they found 21 pints of whisky in a refrigerator at his place of business. There were three rooms to the rear of the pool hall, but under the evidence of the officer, they were not being used as living quarters by the defendant or anyone else. Under the evidence presented by the state in connection with the hearing on the motion to suppress evidence, and especially when considered with the inconsistent testimony presented on behalf of defendant, the court was not only justified, but it was his duty, to overrule the motion to suppress evidence.

In Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435, 436, it is stated:

"If the descriptions in search warrant are sufficient to enable officer executing the search warrant to locate the premises to be searched without aid of any other information save that contained in warrant, the warrant is sufficient."

"In hearing on motion to suppress evidence, court's finding on disputed question of fact as to whether search warrant sufficiently described defendant's premises will be sustained where there is competent evidence in record to support finding."

See, also, McNew v. State, 44 Okla. Cr. 129, 279 P. 978.

The second proposition presented in defendant's brief is directed at the admission of certain evidence by the state in rebuttal.

The defendant did not testify at the trial of case before the jury. However, his wife testified that the whisky that was found in the icebox was purchased by her husband for treatment of her chronic anemia and that it was not for sale but was for her own personal use.

In direct examination of the witness she testified:

"Q. Do you know of your husband selling any whisky? A. He never did sell any, sir. Q. After the officers found this whisky here, did they ever come back out to the place there? A. Yes; a number of times. Q. Did they ever find any liquor when they came back? A. No, sir. Q. Does your husband have a wholesale or retail liquor stamp that the federal government provides that all men in the whisky business must have? A. Well, no; he didn't have any of those things. Q. He doesn't have a wholesale or retail liquor stamp furnished by the federal government? A. No."

On cross-examination she testified:

"Q. Do you know of your husband having been arrested before this time for possession of whisky? A. No, sir. Mr. Swimmer: Objected to as incompetent, irrelevant and immaterial. The Court: Overruled. Q. I beg your pardon? A. No; I didn't know he was arrested. Q. You don't know of him ever having been arrested

prior to this time? A. No, sir. Q. Do you know of him having been arrested for anything besides selling intoxicating liquor? A. No. Mr. Swimmer: Objected to as incompetent, irrelevant and immaterial. I didn't understand the question. Q. Do you know what a retail liquor dealer's stamp looks like, Mrs. Love? A. I don't think I would."

After the defense had rested their case, Deputy Sheriff Kolb was recalled as a witness by the state and the record discloses the following occurrences:

"Q. I hand you an instrument that has been marked Plaintiff's Exhibit 2, and ask you if you can state what that is. Mr. Swimmer: Your Honor, if this instrument offered is what counsel believes, it is affecting the character and general reputation of this defendant, and we are objecting to it on the grounds that the man's character has not been put in issue. Mr. Highley: Your Honor, his character has been put in issue by the witness who testified here that this man had never been arrested before that she knew of, and that she had been married to him since 1936. Mr. Swimmer: That was brought out on cross-examination and not direct examination, and it is palpably an attempt of the county attorney to bring the character and reputation of the defendant in issue and then take advantage of that fact. The Court: I believe I will let him answer. Overrule the objection, and allow exceptions. A. This instrument is a Federal Bureau of Investigation, United States Department of Justice, Washington, D. C., record. Q. Is that a record of the defendant in this case, Ray Leroy Love? A. Yes, sir. Q. Is it a criminal record compiled by that department? A. Yes, sir; by the Department of Justice. Mr. Swimmer: We object to these questions and move for a mistrial on the ground that this testimony is being brought before the jury for the purpose of influencing and biasing the jury, and for the further ground that the character of the defendant has not been put in issue by the defense. The Court: Well, some of it could be gone into for the purpose of impeaching the witness, for im-

peachment only. Mr. Swimmer: Will you rule on that, your Honor? The Court: Overruled. Mr. Swimmer: Exception. Q. (By Mr. Highley) From an examination of page number 2 of the instrument that is identified as Plaintiff's Exhibit 2—(interrupted). Mr. Swimmer: We object to any further questioning concerning the identity of this instrument. It hasn't been offered in evidence, to my knowledge, and if the man wants to offer it into evidence he may do so, over my objection. Mr. Highley: I don't think it is necessary to offer it. It is a record of the Federal Bureau of Identification and has been sufficiently identified. Mr. Swimmer: We object to that evidence being introduced in the record. If he wants to introduce that instrument into evidence, let him go ahead and do it, over my objection, then he may interrogate him. Q. I will ask you, Mr. Kolb, if you know, of your own certain knowledge, whether or not this defendant, Ray LeRoy Love, has been charged and found guilty by the sheriff's office and charged by the county attorney's office of Oklahoma County, with possession of whisky or liquor, previous to this time. Mr. Swimmer: To which interrogatory counsel for the defense objects on the grounds that the character of the defendant has not been put in issue; and move the court to instruct the jury to disregard the interrogatory. The Court: If he knows of his own personal knowledge, I will let him testify. Q. Do you know and can you testify, of your own personal knowledge, that this defendant has been previously charged and convicted of the crime of possession of intoxicating liquor in Oklahoma county? Mr. Swimmer: To which interrogatory counsel for the defense objects on the grounds that it is not the best evidence and asked for the purpose of influencing the jury, and moves the court to instruct the jury to disregard the interrogatory. The Court: Overruled and allow an exception. Q. You may answer Mr. Kolb. A. What was your question, please, sir? Mr. Highley: Will you read the question, please? (Last question read by reporter.) A. Well, all I know is just from the record, the Common Pleas Court record and the F. B. I. record. Mr. Swimmer: Move the court to instruct the jury

to disregard the interrogatory put to the witness. The Court: Overruled, and allow an exception."

Officer Caldwell was then called as a witness and was asked concerning a charge of illegal possession of intoxicating liquor that had been filed about two years prior to the trial against the defendant, and over the objection of counsel for defendant, he was allowed to testify concerning that case.

Dale Smith, deputy court clerk, then was used as a witness by the state to identify certain exhibits in Case No. 6059, in the court of common pleas, purportedly to show that the defendant, Love, had previously pleaded guilty to the charge of unlawful possession of intoxicating liquor in said case. This evidence was admitted over the objections of counsel for defendant. It is the contention of counsel for defendant that the admission of this rebuttal evidence was prejudicial error requiring a reversal of this case.

In the early case of Kirk et al. v. State, 11 Okla. Cr. 203, 145 P. 307, this court stated:

"It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the state, unless he puts his character in issue by introducing evidence of good character."

Says Bishop:

"Bad character is never admissible in evidence against a defendant as ground for presuming guilt. This doctrine is absolute; thus, the evidence of stealing a horse cannot be reinforced by showing that the defendant is an associate of horse thieves." 1 Bishop's New. Cr. Proc. par. 1112.

In the case of Pressley et al. v. State, 71 Okla. Cr. 436, 112 P. 2d 809, 810, this court stated in the syllabus:

"Where the defendants are cross-examined as to other crimes alleged to have been committed by them, which have no connection with the offense charged, upon which alleged offenses convictions have not been obtained, and the defendants deny the commission of the alleged offenses, it is error to permit the state to introduce witnesses in rebuttal with the view of impeaching the testimony of the defendants by showing the commission of the alleged crimes, as a witness cannot be impeached upon collateral matters."

In the body of the opinion this court stated:

"It is not admissible to show the bad character of the defendant until after the defendant himself puts his good character in issue, and then only by showing his general reputation, and not by particular acts. Evidence of other criminal acts not in issue in the case should be excluded; such testimony has a tendency to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the charge at issue, or to take proof of it as justifying the defendant's condemnation, irrespective of his guilt of the crime for which he is being tried. Moreover, the use of alleged particular acts, ranging over the entire period of the defendant's life makes it impossible for him to prepare to refute the charges, any or all of which may be mere fabrications. The rule as above stated has received the judicial sanction of the courts of this country for more than a century. Underhill on Evidence, § 82; 1 Wigmore on Evidence, 233; 10 R. C. L. 953; Porter v. State, 8 Okla. Cr. 64, 126 P. 699; Corliss v. State, 12 Okla. Cr. 526, 159 P. 1015."

"It is elementary that a witness cannot be impeached upon collateral matters; and it is error to permit the defendant, as a witness in his own behalf, to be cross-examined as to any distinct collateral fact, not brought out in

the examination in chief, to the view of impeaching his testimony by introducing other witnesses to contradict him. Whether the matter inquired of on cross-examination of the defendant and proved by the state in attempting to impeach him was collateral to the issue must be determined by this inquiry: Would the prosecuting attorney have been permitted to introduce it in evidence as a part of the state's case? If he would not, it was collateral. If it was collateral, it was not competent to contradict it. See Payne v. State, 10 Okla. Cr. 314, 136 P. 201."

As was stated in Flynn v. State, 68 Okla. Cr. 72, 96 P. 2d 96:

"We are of the opinion that this testimony was inadmissible because, if true, it would refer to a separate and distinct crime; and its admission cannot be otherwise than prejudicial to the defendant."

In Nemecek v. State, 72 Okla. Cr. 195, 114 P. 2d 492, 494, 135 A. L. R. 1149, it is stated:

"The general rule is that when a defendant is put upon trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone; and evidence which in any manner shows, or tends to show, that he has committed another crime, wholly independent, even though it be a crime of the same sort, is irrelevant and inadmissible."

There are exceptions to this general rule which are set forth in many of the reported cases. Herron v. State, 75 Okla. Cr. 251, 130 P. 2d 325; Byers v. State, 78 Okla. Cr. 267, 147 P. 2d 185. But the evidence of the alleged commission of another offense in the instant case was not within any of the exceptions to the general rule hereinabove set forth.

It is our conclusion that the court erred in admitting the rebuttal evidence and that the admission of this evidence cannot be treated as harmless error. For the rea-

sons above stated, the judgment and sentence of the court of common pleas of Oklahoma county is reversed and remanded for new trial.

BAREFOOT, P. J., and BRETT, J., concur.