## POTTER v. STATE.

No. A-11091    April 19, 1950.

(217 P. 2d 844.)

Smith & Gasaway, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, Oliver Potter, was charged by an information filed in the county court of Garfield county with the offense of driving an automobile while under the influence of intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $250, and has appealed.

Two propositions are presented in the brief of defendant.  First, that the evidence was insufficient to support the conviction;  Second, the county attorney was guilty of prejudicial misconduct in his cross-examination of defendant's witnesses.

The proof of the state showed that about 7 o'clock p. m. one Leslie Becker while driving his automobile on Grand avenue in the city of Enid, Okla., made a right angle turn from Grand avenue onto Main street.  Defend-

ant was parked in his automobile a short distance down the block in the direction in which Becker's car was being driven. Defendant backed his car from the curb and struck the Becker car, which impact knocked the defendant's car back into the curb and the Becker car continued on down the street before stopping near the end of the block. The defendant then backed out from the curb and drove his automobile to where the Becker car was stopped. An argument ensued between the parties as to the amount of damage which had been done to the Becker car. Defendant offered to pay $25 for the damage and Becker demanded $75. Defendant gave Becker his name and address and said that he would agree to pay any damages the next morning which a mechanic would say had been sustained by the Becker car. Defendant then got into his automoible and left. Becker reported the collision to the police and defendant was arrested about one hour and 45 minutes later for the alleged offense of leaving the scene of an accident.

Becker and his sister, who was riding in the automobile with him, testified that in their opinion defendant was intoxicated. The policemen who arrested defendant also testified that in their opinion defendant was under the influence of intoxicating liquor at the time of his arrest.

Defendant denied being under the influence of intoxicating liquor and offered several witnesses to sustain his contention. However, the evidence of the state was sufficient to require the issue of the guilt or innocence of the defendant to be submitted to a jury.

As to the second proposition, it is our opinion that in view of the testimony of defendant the county attorney was justified in asking the questions of defendant on cross-examination pertaining to his drinking on various

other occasions. However, the other cross-examination of defendant's witnesses which were complained of was improper.

The principal witness for the defendant was Fred Kent. The defendant testified that he had been visiting in the apartment of Kent just prior to the time he walked down a flight of stairs and got into his automobile when the collision occurred with Becker. Kent verified this evidence and related how he and Becker had been together for about two hours prior to the time Becker left the Kent home.

On cross-examination of Kent the record discloses the following:

"Q. Isn't it a fact you and Oliver Potter were in the Sanitary Cafe drinking beer all the afternoon? A. No, sir, that is not a fact. Q. Isn't it a fact, Mr. Kent, that you have gotten intoxicated with Mr. Potter, a number of times? A. Not too many times; we have drank some beer, that is all we have ever drank. Q. How many times have you been picked up by the police department for being drunk? A. Once. Q. I will ask you if on March 7th, 1945, at the hour of 4:00 o'clock p. m., if you were arrested at 200 West Randolph, City of Enid, Oklahoma, as a public drunk and told to get off the street because of your condition, and that you started to order more beer and said you wasn't disturbing anyone and you were not going home, and then you were taken to the station by the police? Mr. Smith: Wait a minute, we object to that for the reason it is incompetent, irrelevant and immaterial, and does not go to the proof of any allegation of the information and it has no bearing on his credibility as a witness and his reputation not being an issue. It has no bearing on his credibility as a witness. The Court: The objection is overruled. Mr. Smith: Exception. A. No, sir. Q. You understand that you are under oath now, Mr. Kent? A. Yes, sir. Q. You understand that thoroughly? A. Yes, sir. Q. I will ask you if on Au-

gust 20th, 1945, at the hour of 10:45 p. m., while you were working at the refinery and living at 725 North Central, Enid, Oklahoma, you were arrested again by the City Police for disturbing the peace and being a public drunk? Mr. Smith: I want to assert another reason that this is not proper cross-examination, and this further objection that is it incompetent, irrelevant and immaterial, not within the issues and is not proper cross-examination. The Court: The objection is overruled. Mr. Smith: Exception. A. My wife had me thrown in for a family quarrel. Q. You wasn't drunk? A. No, sir, I had drunk a few beers, but I wasn't drunk. Mr. Smith: The defendant now moves that the County Attorney be instructed to desist from this examination for the reason it is incompetent, irrelevant and immaterial, not within the issues. The Court: The objection is overruled. Mr. Smith: Exception. Q. I will ask you if on August 4th, 1947, at 3 minutes after 10:00 o'clock in the evening of said day, at 2802 East Chestnut, you were brought to town and put in jail for the night for the reason that you were under the influence of intoxicating liquor again and for striking and beating your wife and children? Mr. Smith: That is objected to as incompetent, irrelevant and immaterial, not proper cross-examination, no bearing on the proof of any issue in the case. The Court: The objection is overruled. Mr. Smith: Exception. A. Due to family quarrels and my wife wasn't home, the police was called to my place. Q. You did strike and beat her? A. We struck and beat each other. Mr. Smith: The defendant objects to the question and answer for the reason given heretofore. The Court: Overruled. Mr. Smith: Exception. Q. I will ask you if on January 12th, 1948, at 703 North Central, at your home at the hour of 7:00 o'clock p. m., in the evening, you were not under the influence of intoxicating liquor and that you had a further fight with you wife and that you had the police bring a .22 caliber rifle to the police station and lock it up in the vault and leave it there? A. Yes, I did. Mr. Smith: That is objected to as incompetent, irrelevant and immaterial, not proving any issue in the case and not proper cross-ex-

amination. The Court: The objection is overruled. Mr. Smith: Exception. A. Yes, sir."

The general rule is that anything which tends to show bias or prejudice on the part of the witness or anything which shows his friendship or intimacy toward either of the parties is commonly a proper subject of inquiry. Scott v. State, 72 Okla. Cr. 305, 115 P. 2d 763.

For the purpose of affecting the credibility of a witness he may be asked on cross-examination whether he has been convicted of a crime, but it is highly improper to ask the witness whether he has been arrested or charged with a crime. Storer v. State, 84 Okla. Cr. 176, 180 P. 2d 202; Bradley v. State, 85 Okla. Cr. 288, 187 P. 2d 677; Love v. State, 84 Okla. Cr. 385, 182 P. 2d 793.

The Attorney General in his brief concedes that the cross-examination of the witness Kent relative to arrests and charges which had not resulted in convictions were improper and that the objection of counsel for defendant should have been sustained. However, he asked this court to rule that such conduct on the part of the prosecution constituted harmless error.

The facts showing the guilt of the defendant were not very conclusive. On cross-examination of defendant it was shown that he had been convicted and served a term in the penitentiary. This fact undoubtedly played a large part in influencing the jury to return a verdict of guilty. However, the filling station operator, the owner of the cafe, and other individuals, who testified for the defendant, were very firm in their statement that defendant was not under the influence of intoxicating liquor.

The accused in every criminal case is entitled as a matter of right to a fair and impartial trial. It cannot

be said that a defendant has had a fair and impartial trial where the prosecutor continually asks the defendant or his witnesses prejudicial and incompetent questions. The Constitution of Oklahoma provides that right and justice shall be administered without sale, denial, delay or prejudice. Art. 2, Sec. 6. The questions asked in the instant case were prejudicial and contrary to the constitutional guaranty. For this reason the judgment and sentence of the county court of Garfield county is reversed and the case is remanded so that the defendant may be given a fair and impartial trial.

BRETT and POWELL, JJ., concur.