## LARKEY v. STATE.

No. A-11538. May 28, 1952.

Rehearing Denied June 25, 1952.

(245 P. 2d 751.)

Tolbert & Gillespie, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Ass't. Atty. Gen., for defendant in error.

JONES, J. The defendant, James D. Larkey, was charged by an information filed in the county court of Kiowa county with the alleged offense of driving an automobile on the public highway while under the influence of intoxicating liquor; was tried; convicted; and sentenced to serve 30 days in the county jail and to pay a fine of $1; and has appealed.

It is first contended that the evidence is wholly insufficient to sustain the judgment and that the court erred in overruling the defendant's demurrer to the evidence and further erred in refusing to instruct the jury to return a verdict of not guilty at the close of all the evidence.

The evidence disclosed that on September 2, 1950, about 6:00 p. m. the defendant was driving a 1932 model Ford sedan going west on a country road southwest of the town of Snyder and collided with a 1939 model Ford sedan being driven by Earl Elmer Shaw, which automobile was traveling east. Mrs. Shaw and the two small Shaw children were in the automobile with Shaw but no one was injured in the collision.

Mrs. Shaw testified that she saw the defendant's car approaching and that it was "weaving from one side to the other". Mr. Shaw stopped his car but defendant came across the road and struck the Shaw car, smashing the grill work and fender and causing other damage to the car. She did not get out of the automobile but she did observe the defendant as he talked to her husband. Defendant staggered when he walked and was very talkative. In her opinion the defendant was drunk.

Earl Elmer Shaw testified that he first noticed defendant's car in the bar ditch, and then saw it leaving the bar ditch and coming toward him and was weaving from one side of the road to the other and going about 25 miles per hour. Shaw pulled his car as far to the right as he could and stopped. Defendant drove his car into the front end of the Shaw car. Defendant got out of his car and staggered, he had a wild look in his eyes, his face was flushed and he talked like a drunk man. Shaw smelled intoxicating liquor on his breath and in his opinion the defendant was drunk.

Hershel Tipton testified that he was traveling behind the car driven by the defendant and arrived at the scene of the collision almost immediately after it had happened. He saw and talked to defendant and in his opinion the defendant was drunk.

Archie Bird, Carl Neuenschwander, highway patrolman, and Ed Killingsworth, a constable, each testified that they were notified of the collision between the defendant's and the Shaw car and commenced to search for the defendant. They finally located him about 7:30 or 8:00 o'clock p. m. a few miles from the scene of the collision. The defendant was in the back seat of his car asleep. He was awakened and the officers testified his speech was slurred, he had an odor of intoxicating liquor, he staggered when he walked, was exceedingly talkative and in every way acted like a drunk man, and in their opinion was drunk. The defendant admitted drinking wine and the officers found a gallon glass jug with a little wine in the bottom of it.

Defendant testified that at the time of the collision he was driving in a westwardly direction facing the sun and he was blinded by the sun, and also by a clouded windshield. There was high Johnson grass growing on each side of the road which caused the road to be very narrow. When the defendant saw the Shaw car, he applied the brakes and the left brake took hold, but the right one did not work and the defendant was thrown about nineteen inches onto the bumper of the Shaw car. The defendant denied that he was under the influence of intoxicating liquor and stated that he and a male companion were on the way to Otter Creek to go fishing when the collision occurred. He testified that about 5:30 p. m. he drank one bottle of beer when he ate supper at Headrick but that he did not drink any other alcoholic liquors of any kind. After the collision occurred he lifted his bumper off the bumper of the Shaw car, wired it up with a piece of baling wire and continued on his fishing trip. Shortly after he had had the collision his car went dead on him and he had to be pulled to get it started. About one-half mile farther on, the car went dead again, so he just proceeded to camp there on the country road for the night and he was asleep when the officers came.

Will Golay, Jim Hefley, Ted Hand, and Bill Hefley, all testified to substantially the same facts. They saw defendant about 7:00 p. m. and helped pull his car to get it started. Each of these witnesses testified that in his opinion the defendant was sober.

If the evidence of the witnesses for the state was believed by the jury it was abundantly sufficient to show that the defendant was driving his automobile while he was intoxicated. The driving of the automobile was admitted. There was substantial evidence that defendant was intoxicated and also that he was sober. This conflict in the evidence presented an issue for the determination of the jury. Since it is the province of the jury to weigh evidence and determine the facts, we do not set aside the verdict of the jury unless there is no substantial competent evidence upon which it could be based.

It is next contended that Title 47, section 91, O. S. 1941 was repealed by legislative action in 1949 and that at the time of the alleged commission of the crime by defendant on September 2, 1950, there was no section of the law defining highways which would include a country road such as that upon which the collision occurred.

This identical question has been presented to the court and decided adversely to the contention of the defendant. Ex parte McMahan, 94 Okla. Cr. 419, 237 P. 2d 462. The fourth syllabus of that decision reads:

"In 1923 the legislature enacted a law prohibiting the driving of an automobile on the highways of Oklahoma while under the influence of intoxicating liquor, Tit. 47, O. S. 1941 § 93, and referred to and adopted the definition of highways as set forth in Sec. 1 of that act, now known as Tit. 47 O. S. 1941 § 91. The Motor Vehicle Act of 1949 repealed Tit. 47 O. S. 1941 § 91, which was the statute defining highways. Such repeal did not affect Tit. 47 O. S. 1941 § 93, and such act is a valid and existing statute under which a prosecution for driving an automobile on the state highway while under the influence of intoxicating liquor on April 10, 1951 could be maintained."

It is next contended that the county attorney was guilty of misconduct in making his argument to the jury. The record discloses the following with reference to this assignment:

"By county attorney: I don't believe you are going to believe that story that a man gets drunk, so drunk that he has got to take him home and yet he never saw him take a drink. He had some lemonade, he had a jug of lemonade with him. You know what that lemonade was just like I do. It was wine, just like these officers testified to. By Counsel for defendant: We object to the last statement and challenge the record. No one testified there was a jug of wine. By Counsel for State: I will withdraw that statement. I will change it this way. There was a jug there with a little bit of wine and apparently had had wine in it. Whereupon counsel for defendant makes argument to the Jury, and the county attorney makes the closing argument to the Jury and upon his remark in said closing argument 'In this particular instance two children almost lost their lives, and 'so did Mr. and Mrs. Shaw and at the hands of this defendant. Are you going to let your sympathy for age and his love to fish keep you from rendering justice to the people of Oklahoma?' counsel for the defendant makes the following objection: Counsel for Defendant: We object. The argument is not within the record, not within the evidence in this case, purely inflammatory and prejudicial and ask that the jury be instructed to disregard it and that counsel be admonished to refrain. By the Court: Overruled. Counsel for Defendant: Exception."

In Hathcox v. State, 94 Okla. 110, 230 P. 2d 927, this court held:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for

both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

After carefully considering the evidence with respect to the alleged improper argument, we find there is sufficient evidence to justify the deductions set forth in the argument and that such statements were not improper.

Lastly, it is contended that the punishment was excessive and should be reduced. The record disclosed that defendant was 67 years old, a retired mail carrier, and had never been arrested before in his life, and on a fishing trip when the accident occurred. We must confess we have a feeling of compassion for the defendant under the circumstances shown by the record, but the crime of driving an automobile on the public roads while intoxicated has become a most serious menace. The large number of highway accidents, including many fatalities, are attributed in a large measure to drunken drivers. The sentence for any crime must be punitive and exemplary. It should be adequate as a penalty to the person who commits the crime and must further serve as a deterrent to others who might commit a similar offense. We conclude that a 30 day jail sentence for the first offense of driving an automobile while intoxicated is not excessive. In fact, it might be termed lenient in view of the grave risk attached to the crime committed. The defendant not only endangered his own life, but the farmer, his wife, and two children were fortunate that none of them suffered personal injury.

The judgment and sentence are affirmed.

BRETT, P. J., and POWELL, J., concur.