# WIGINGTON v. STATE.

No. A-11555.  June 25, 1952.

(246 P. 2d 385.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.  This is an appeal from a conviction sustained in the county court of Comanche county for the crime of driving an automobile on the public highway while under the influence of intoxicating liquor.  The defendant was sentenced to serve 30 days in the county jail and pay a fine of $200.

Three propositions are presented:  First, the judgment is not sustained by the evidence.  Second, the trial court erred in admitting incompetent, irrelevant, and immaterial evidence over the objections and exceptions of defendant.  Third, the verdict is excessive.

There is no merit to the first proposition.  Two highway patrolmen testified that they were patrolling State Highway No. 7 approximately eight miles east of the city of Lawton on April 9, 1950, when they met an automobile being driven by defendant; their attention was first called to defendant's car when they saw it swerve off of the pavement onto the shoulder of the road and then swerve back onto the highway; that after it passed the patrol car it forced a car following the patrol car off of the road on the north side of the highway; the officers turned around and pursued the defendant for three miles before they finally stopped him.  The defendant staggered when he walked; there was an odor of intoxicants on

his breath; he was unruly and abusive; and in the opinion of the officers was definitely under the influence of intoxicating liquor. Two other witnesses who saw the defendant immediately after his arrest testified that he was very drunk.

The defendant testified in his own behalf that he was not intoxicated; that he was driving from Lawton to Duncan when he was stopped by the highway patrolmen; that he had drunk one bottle of beer and had eaten a sandwich prior to the trip, and that was all of the alleged intoxicating liquor that he had consumed.

It is unnecessary for us to comment on the evidence as the state made out a strong case against the accused.

The second proposition is directed at the cross-examination of the defendant, wherein the assistant county attorney inquired of the defendant over objections of his counsel in regard to former arrests of the accused.

It is established law that it is improper for the state to inquire of the accused as to former arrests, but he may ask the accused for the purpose of affecting his credibility as a witness whether he has been convicted of a crime. Potter v. State, 91 Okla. Cr. 186, 217 P. 2d 844, 20 A.L.R. 2d 1416; Storer v. State, 84 Okla. Cr. 176, 180 P. 2d 202; Bradley v. State, 85 Okla. Cr. 288, 187 P. 2d 677; Love v. State, 84 Okla. Cr. 385, 182 P. 2d 793. However, an examination of the record in the instant case discloses that counsel for the defendant asked the defendant the following questions on direct examination:

"Q. Had you ever been arrested before that night? A. No sir. Q. That is the first time you were in jail? A. Yes, sir. Q. The first time you have ever been charged with any offense? A. Yes, sir."

On cross-examination the county attorney then asked the defendant about two occasions when he was arrested and placed in jail for drunk driving, and the defendant admitted that he had been "picked up by the highway patrol" at the times mentioned by the county attorney. He further admitted that he had been convicted once for speeding and paid an $18 fine and his driver's license was revoked for 90 days.

If counsel for the defendant had not presented the question of the good character of the accused and attempted to supplement his good character by a showing that he had never been arrested or charged before in his life, it would have been wholly improper for the county attorney to have asked the questions he asked on cross-examination, but since counsel for the accused had opened the subject on direct examination, it became proper for the state on cross-examination to expose the falsity of such testimony.

It is contended that the sentence is excess. With this we cannot agree. As was said in the recent case of Larkey v. State, 95 Okla. Cr. 338 245 P. 2d 751:

"We must confess we have a feeling of compassion for the defendant under the circumstances shown by the record, but the crime of driving an automobile on the public roads while intoxicated has become a most serious menace. The large number of highway accidents, including many fatalities, are attributed in a large measure to drunken drivers. The sentence for any crime must be punitive and exemplary. It should be adequate as a penalty to the person who commits the crime and must further serve as a deterrent to others who might commit a similar offense. We conclude that a thirty day jail sentence for the first offense of driving an automobile while intoxicated is not excessive. In fact, it might be termed lenient in view of the grave risk attached to the crime committed."

The judgment is affirmed.

BRETT, P. J., and POWELL, J., concur.