**LeRoy SAMUELS, Plaintiff In Error,**
v.
**The STATE of Oklahoma, Defendant In Error.**

**No. A–12210.**

Criminal Court of Appeals of Oklahoma.

Nov. 2, 1955.

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, LeRoy Samuels, defendant below, was charged by information, in the Court of Common Pleas in Tulsa County, Oklahoma, for the offense of having operated a motor vehicle while under the influence of intoxicating liquor. The offense was allegedly committed, in Tulsa, on the 5th day of November, 1954. Defendant was tried by a jury, convicted, and his punishment was assessed at a fine of $37.50, and costs; judgment and sentence was entered accordingly, from which this appeal has been perfected.

This appeal presents but one question; did the trial court invade the province of the jury when it permitted counsel for the state to ask highway patrolman whether or not the defendant was so intoxicated as to appreciably impair his ability to drive an automobile? The trial court permitted the answer to this question, which was in the affirmative. This question, and answer, very closely approximate the test to be applied to determine whether or not the defendant is guilty of the crime of driving a motor vehicle while under the influence of intoxicating liquor. We are inclined to the belief that there is considerable merit in the contention of the defendant in error that this question, and answer, does closely approach the province of the jury.

This court has repeatedly held that intoxication may be proved by the opinion of witnesses; Collins v. State, 15 Okl. Cr. 96, 175 P. 124, and that the witnesses testifying to the state of intoxication need have no particular or special knowledge to testify to intoxication, but that he may state his reasons for his opinion that the accused was intoxicated, or he may simply state the fact of sobriety or intoxication, and that intoxication is proved the same way as any other fact. (That is, that the witness may testify as to the appearance, breath, demeanor, Ryan v. State, 97 Okl. Cr. 119, 258 P.2d 1208; speech, ability to walk, as to whether he conducted himself rationally or not, etc., and that the defendant was drunk.) Larkey v. State, 95 Okl. Cr. 338, 245 P.2d 751; Moran v. State, 95 Okl.Cr. 6, 237 P.2d 920. The testimony complained of was given by two highway patrolmen who qualified as experts. In this regard, in Long v. State, Okl.Cr., 274 P.2d 553, 556, it was said: "An expert should not be allowed to give opinion testimony where the subject is one of common knowledge as to which facts can be independently described to the jury and understood by them and they can form a reasonable opinion for themselves." However, in the case at bar, the testimony of highway patrolmen relative to the degree of intoxication is not controlling. We are of the opinion that the fact of intoxication was so overwhelmingly established by other testimony as to render the question and the answer given, harmless error. The testimony of Mr. Satterfield, the driver of the other automobile involved in the collision herein in question, was to the effect that defendant smelled of beer, or whiskey, and that he was staggering and weaving from side to side. The two highway patrolmen testified that the defendant had a strong odor of alcohol on his breath; he mumbled when he talked, and it was difficult to understand him and that the defendant had to lean against something to stand up, and he could not stand up unassisted; that it was their opinion the defendant was drunk.

Under these conditions, we are of the opinion that the defendant was not prejudiced of his substantial rights by reason of the asking of said question, and the affirmative answer thereto, since there has been no miscarriage of justice. T. 22, § 1068 O.S.1951.

Judgment affirmed.

JONES, P. J., and POWELL, J., concur.