John Reggin EMERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12518.

Criminal Court of Appeals of Oklahoma.

April 16, 1958.

Rehearing Denied July 9, 1958.

B. C. Franklin, W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

This is an appeal from the municipal criminal court of the City of Tulsa, Tulsa County, Oklahoma, where John Reggin Emerson, the appellant, hereinafter referred to as defendant, was convicted of the crime of operating an automobile over and upon a public highway in the city of Tulsa, Tulsa County, while under the influence of intoxicating liquor. Defendant had waived trial by jury and the court assessed punishment at sixty days confinement in the Tulsa County jail, and a fine of $250.

In brief filed October 10, 1957, for reversal counsel argue two propositions: (1) "That said judgment is not sustained by competent evidence"; (2) "That the pun-

ishment is excessive." However, in brief filed March 12, 1958, the date the case came on for oral argument (having been deferred on account of illness of one of the defendant's attorneys), and in oral argument it was further urged that the prosecution failed to establish that the crime charged occurred in the city of Tulsa, and therefore, venue was not proven. The writer of the brief says: "I do not find one single word that the scene of the accident was located within the confines of the city of Tulsa."

Considering the question of venue first, we find that the prosecuting witness, Robert Lee Frazier, after testifying that he lived at 1010 east 27th Street North, Tulsa, was asked:

"On that day [December 3, 1957] did you have occasion to be driving an automobile in the evening hours here in Tulsa? A. Yes, I did.

"Q. Robert, while you were driving that car were you in the vicinity of the 600 block on East Marshall Street? A. Yes.

"Q. Did anything unusual happen? A. Yes, Mr. Emerson there, he ran into me. * * *

"Q. What direction were you traveling at the time? A. I was traveling east on Marshall.

"Q. What direction was Mr. Emerson traveling? A. West."

The gist of this testimony fixes the driving complained of in the 600 block of East Marshall Street, Tulsa.

Bob Howard, policeman of Tulsa, testified that he received a call on the evening of February 3, 1957, and went to a location in the 600 block of Marshall, and saw Robert Lee Frazier sitting in his automobile or standing by it when he arrived there. He also saw another car about a block away from where a collision had happened, and he radioed another officer to stop that car, and responsive to the call officer Harrison stopped it about three blocks away at Oklahoma and Greenwood, and witness went there and found the de-

fendant in a green Packard car. He concluded from defendant's speech, the odor of alcohol about him, and his manner of walking after he got out of his car, and his admission that he had drunk some Scotch whiskey and milk, that he was intoxicated, and thereupon arrested defendant and took him to the police station.

On the point at issue, officer Harrison, the officer causing defendant to stop his car, testified that on the evening of February 3, 1957 he was driving his police car north on Greenwood in the City of Tulsa when he received a radio call to stop a green Packard that was immediately ahead of him on Greenwood, and he stated that he stopped the car at Greenwood and Oklahoma, and immediately officer Howard drove up to the scene.

 It is our view that the above evidence was sufficient to support the allegations of the information, and fix the venue in city of Tulsa, Tulsa County. As said in paragraph 4 of the syllabus in Henson v. State, Okl.Cr., 317 P.2d 732, 733:

"In taking judicial notice that the city of Tulsa is located in Tulsa and Osage Counties, this court notes that only a small portion of the northwest edge of that city extends over into Osage County, and that the entire east half of the city is located in Tulsa County."

 We do not find where the question of venue was ever raised in the trial court or in petition in error filed in this court, and for such reason the question was waived. Henson v. State, supra; and see also Slater v. State, Okl.Cr., 296 P.2d 193; and Bunch v. State, 82 Okl.Cr. 413, 171 P.2d 985.

Considering now the contention that the judgment is not sustained by competent evidence, we find that the prosecuting witness Robert Lee Frazier, testified that after defendant ran the front end of his Packard into the side of the car of witness, that defendant got out of the Packard and came over and cursed witness; that de-

fendant could hardly walk and had the odor of alcohol about his person.

Officer Howard, the arresting officer, as we have seen, testified that in his opinion defendant was drunk and described the circumstances supporting such conclusion.

Officer Haddock who saw defendant after he arrived at the police station, testified that the defendant could not stand with his eyes closed, that he almost fell; that when he asked defendant to extend his arms, close his eyes and then try to put his finger on his nose defendant entirely missed his nose; that there was a strong alcoholic odor about him, and that in his opinion defendant was intoxicated.

The defense was that defendant was actually not drunk or intoxicated, but that he had diabetes which caused an alcoholic breath odor. Defendant also claimed that he fumbled coins placed on the floor by officer Haddock because he said he had a stye on each eye. Defendant did not testify that he was receiving insulin treatment for his diabetes, nor did his physician.

There was conflict in the testimony of the expert witnesses for the State and defendant concerning the extent of alcoholic odor that might be caused by diabetes.

We find the evidence to amply support the judgment of the court that defendant in fact operated his automobile while under the influence of intoxicating liquor, as charged. Where a jury is waived and there is a basis in the evidence to support the judgment entered by the court, on appeal the judgment will be affirmed by this court. Rahal v. State, Okl.Cr., 320 P.2d 716; Ryan v. State, 97 Okl.Cr. 119, 258 P.2d 1208; Potter v. State, 91 Okl.Cr. 186, 217 P.2d 844, 20 A.L.R.2d 1416; and Eakin v. State, 97 Okl.Cr. 190, 260 P.2d 730.

This brings us to the question of the excessiveness of the punishment.

The defendant testified and admitted a number of prior convictions for minor offenses. And ordinarily such fact in connection with proof that defendant, after running his automobile into that of the prosecuting witness got out of his car and commenced cursing his victim, and then proceeded to leave the scene of the accident, would foreclose any idea that the amount of punishment assessed could be said to be excessive. However, counsel call attention to matters in the record that cannot be ignored. It is urged by counsel that the trial judge showed bias against the defendant. He illustrates his theory by this from the record:

"The Court: You don't remember that at all? How many times have you been in this jail down here? A. I have not been in jail but a few times.

"The Court: You always made bond. How many times have you been brought down here? You remember what I did to this other fellow that lied? I can stand anything but a lie. A. I am not *lieing*.

"The Court: How many times have you been arrested? A. I have been arrested on the numbers racket, you call it policy paraphernalia, four or five times, I think.

"Q. You have never been arrested for drunk driving? A. I don't remember.

"Q. You don't remember? A. No, sir, I never paid a fine."

The inquiry should have been as to the convictions. Presumably the prosecuting attorney had a record of previous convictions, if any, and was prepared to inquire of defendant, and to even refute any false testimony he might have given. There is basis for the complaint that the court might have been influenced by bias, and clearly he did not display judicial temperament, so that in view of the advanced age and health of the defendant, and the actions of the court complained of, it is the thought of this court that justice would best be served by modifying the jail sentence imposed from sixty days to thirty days, and the fine to remain at $250.

The judgment, as so modified, is affirmed.

BRETT, P. J., and NIX, J., concur.