Edith Lela **JOHNSON**, Appellant,

v.

**OKLAHOMA CITY**, Appellee.

No. A–18166.

Court of Criminal Appeals of Oklahoma.

Aug. 29, 1973.

David D. Wilson, Oklahoma City, for appellant.

Walter M. Powell, Municipal Counselor, Larry J. Puckett, Asst. Municipal Counselor, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Edith Lela Johnson, hereinafter referred to as defendant, entered a plea of guilty in the Municipal Criminal Court of Record of the City of Oklahoma City, Case No. 17674, to the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, her punishment was fixed at ten (10) days imprisonment in the city jail and a fine of three hundred dollars ($300) and from said judgment and sentence, a timely appeal has been perfected to this Court.

The record adduces that on August 3, 1972, the defendant entered a plea of guilty to the charge of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, the execution of judgment and sentence was delayed six (6) months. On December 12, 1972, a hearing on revocation of probation was held wherein defendant confessed that she had breached the terms and conditions of her probation by further consuming alcoholic beverages.

The sole proposition asserts that the punishment is excessive. Defendant argues that she was sixty-two years old, had no prior driving record or criminal record whatsoever and was afflicted with severe arthritic pain. In dealing with a similar proposition in Larkey v. State, Okl.Cr., 245 P.2d 751, the court stated:

"The record disclosed that defendant was 67 years old, a retired mail carrier, and had never been arrested before in his life, and on a fishing trip when the accident occurred. We must confess we have a feeling of compassion for the defendant under the circumstances shown by the record, but the crime of driving an automobile on the public roads while intoxicated has become a most serious menace. The large number of highway accidents, including many fatalities, are attributed in a large measure to drunken drivers. The sentence for any crime must be punitive and exemplary. It should be adequate as a penalty to the person who commits the crime and must further serve as a deterrent to others who might commit a similar offense. We conclude that a thirty day jail sentence for the first offense of driving an automobile while intoxicated is not excessive. In fact, it might be termed lenient in view of the grave risk attached to the crime committed. The defendant not only endangered his own life, but the farmer, his wife, and two children were fortunate that none of them suffered personal injury."

As in Larkey, supra, we likewise have compassion for the defendant under the circumstances. However, we would be remiss not to observe the number of highway accidents attributable in a large measure to drunken drivers have increased greatly since 1952. The police report reflects that the defendant improperly changed lanes causing an accident. She subsequently consented to take a breathalyzer test resulting in a reading of .25. Defendant was afforded a "second chance" by the imposition of a six month delayed sentence. By the defendant's own admission she failed to comply with the conditions of probation. Under such circumstances we cannot con-

scientiously say that the punishment imposed shocks the conscience of this Court.

Judgment and sentence affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting):

I respectfully dissent to this decision. There is nothing in the record before this Court to indicate what the conditions of deferment were when the deferred sentence was imposed. It is a foregone conclusion that words alone, in the imposition of a deferred sentence, will not correct a long existing alcoholic problem. By the same reasoning, it is highly doubtful, *under the facts of this case,* that the ten day jail sentence will accomplish any more than to humiliate and degrade the defendant herein.

The other fact which seems pertinent to me is that defendant was in the privacy of her own home when the probation officer visited her. Defendant admitted having taken several drinks, but remembered she was not intoxicated; also, the fact that defendant had gone for seven months without having taken a drink of alcoholic beverage should be recognized. The psychological impact of the ten day jail sentence upon a woman sixty-two years of age, who had never before been involved in an automobile accident or any other criminal offense, will be unnecessarily traumatic and may be more detrimental than it will be beneficial to either society or the defendant.

I have reviewed each of the cases cited by the Municipal Counselor in his brief, and each of them can be distinguished from the instant case. The most analogous case cited was Larkey v. State, supra, which involved a man sixty-seven years of age who had a head-on accident which could have caused fatalities had not the other car stopped before the accident occurred. Mr. Larkey's experience background must have been considerably different from that of defendant herein, being an ordinary housewife of similar age.

It appears to me that a better solution might be the voluntary surrender of defendant's driving license, until she can satisfactorily show that she has overcome the alcoholic problem, and a suspension of the ten day jail sentence.

Defense counsel is admonished to consider the provision of 22 O.S.1971, § 994, in pursuing this matter further.