Terry Lance ALLEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–108.

Court of Criminal Appeals of Oklahoma.

May 9, 1980.

R. Thomas Beadles, Jr., Bloodworth, Smith & Biscone, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Janet L. Cox, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Terry Lance Allen hereinafter referred to as the defendant was charged, tried and convicted in the District Court, Major County, Case No. CRF–76–29, for the offense of Feloniously Pointing a Weapon, in violation of 21 O.S.1971, § 1289.16. His punishment was fixed at one (1) year imprisonment. From said judgment and sentence an appeal has been perfected to this Court.

The State introduced testimony that on November 20, 1976, at approximately 7:00 a. m., Val Warfield was hunting on his Aunt's property in Major County when he confronted the defendant and two companions. He inquired of the defendant if he had permission to hunt on the property. Defendant thereupon pointed his weapon at Warfield and threatened to blow his head off. Defendant handed his rifle to one of his companions and he grabbed Warfield around the neck and threw him to the ground. He picked up Warfield's deer rifle and broke it by hitting the ground with it two or three times.

At about 8:00 a. m. on the same morning, Larry Green was likewise hunting on relative's property in Major County when he observed defendant and two companions apparently hunting. He approached them after they got back into their pickup. He advised the defendant that he was trespassing and requested that he leave the area. Defendant refused and cursed him. The defendant picked up a pistol, cocked it and placed it across his lap. Green advised defendant that he could put the gun away whereupon the defendant drove away.

Defendant and his two companions, Lamar Grizzelle and Randy Allen, each testified as to "altercations" between defendant and Warfield and Green. They each denied that the defendant pointed either his rifle at Warfield or a pistol at Green.

■ Defendant asserts as the sole assignment of error that the trial court erred in allowing the testimony of Larry Green concerning the commission of other offenses. Defendant asserts that this evidence was so prejudicial that it tended to influence the decision of guilt ultimately returned by the jury. As a general rule, evidence of other crimes is inadmissible and an accused put on trial for an offense is to be convicted, if at all, by evidence which proves him guilty of that offense alone. See Love v. State, 84 Okl.Cr. 385, 182 P.2d 793 (1947). We have held that there are certain exceptions to this rule, where the evidence is offered to show (1) intent; (2) motive; (3) identity; (4) absence of mistake or accident; and (5) common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. See Roulston v. State, Okl. Cr., 307 P.2d 861 (1957).

■ The State contends that testimony concerning defendant's confrontation with Green was admissible under the intent exception. We are not persuaded by this posi-

tion.  The two incidents, though similar are not otherwise sufficiently connected to invoke the intent exception.  However, we are of the opinion that any error in the admission of that testimony was cured when the defense extensively developed the area opened up.  By extensive cross-examination of Green and direct examination in the defense case-in-chief of Grizzelle, Randy Allen and defendant, defense counsel developed the details to an extent far beyond that of the prosecution.  And among the testimony elicited by specific inquiry from defense counsel were the facts of charges filed in the Green confrontation and other charges and punishments imposed on defendant in the Warfield incident.  In *Smith v. State*, Okl.Cr., 431 P.2d 949 (1967), this Court reiterated the rule that ".  .  . when immaterial evidence is introduced by the State, this error is cured when counsel for defense cross-examines the witness on the same subject."  See also *McKee v. State*, 75 Okl.Cr. 390, 132 P.2d 173 (1942).  Therefore, this assignment of error is without merit.  For the reasons set forth in *Smith v. State, supra,* and *McKee v. State, supra,* the Judgment and Sentence appealed from is accordingly, *AFFIRMED.*

CORNISH, P. J., concurs in results.

BRETT, J., concurs.